361 P.2d 541

**John Efton MOODY, Petitioner,**

v.

**VANS GILA GIN COMPANY, Defendant Employer,**

The Industrial Commission of Arizona, Defendant Insurance Carrier, Respondents.

No. 7228.

Supreme Court of Arizona.

May 4, 1961.

James H. Green, Jr., Phoenix, for petitioner.

Donald J. Morgan, Phoenix, for respondents.

LOCKWOOD, Justice.

Petitioner seeks by certiorari to restrain the Industrial Commission, respondent herein, from exceeding its jurisdiction by denying his Petition and Application for Rehearing on the sole ground that it was not timely filed. Rule 37 of the Industrial Commission provides, *inter alia,* that any party aggrieved by an award of the Commission may file, within 20 days after service of the award, written Notice of Protest which stays the award from becoming final. The rule further provides that such aggrieved party has 20 additional days from the date of filing the Notice of Protest within which to file Petition and Application for Rehearing. The Commission entered its Award for temporary disability in the instant case and a timely Notice of Protest was filed by petitioner's attorney on August 1, 1960. On Friday, August 19, pe-

titioner's attorney called the Commission and inquired if a filing of the Petition and Application for Rehearing on Monday, August 22, would be timely. He was told that since the twentieth calendar day from the filing of the Notice of Protest was a Sunday, filing of the Petition and Application for Rehearing on Monday, August 22, would be timely. Accordingly, the petition was filed on Monday, August 22. On November 29, 1960, the Commission entered an Order denying the Petition for Rehearing for the reason that it was not filed within 20 days from the filing of the Notice of Protest and that, therefore, the Commission had no jurisdiction in the matter.

■ The sole question to be determined is when, where the twentieth calendar day from the filing of a Notice of Protest of Award falls on a Sunday, must a Petition and Application for Rehearing be filed in order to be timely? In answering the principal question, we are guided by several statutory provisions. A.R.S. § 1–301 (A) (1) declares that Sunday of each week shall be a holiday; A.R.S. § 1–302(A) states that public offices shall not be open on legal holidays (except in certain instances not relevant here), and A.R.S. § 38–401, amended 1958, provides that state offices shall be kept open for transaction of business from eight o'clock a. m. until five o'clock p. m. each day, Monday through Friday, unless otherwise provided by law. In short, the Legislature has made it quite evident that the Industrial Commission offices need only be kept open for business from 8 o'clock a. m. to 5 o'clock p. m., Monday through Friday.

A.R.S. § 1–243 states that "the time in which an act is required to be done shall be computed by excluding the first day and including the last day, *unless the last day is a holiday, and then it is also excluded."* (Emphasis supplied.) Since A.R.S. § 1–301 (A) (1) makes Sunday a holiday, Sunday must be excluded in computing a twenty-day filing period, where it is the twentieth calendar day involved. This conclusion is inescapable if, as they must, A.R.S. §§ 1–243 and 1–301(A) (1) are to be harmonized. S. H. Kress & Co. v. Superior Court, 66 Ariz. 67, 74, 182 P.2d 931, 936. Applied to the facts in this case, it is plainly seen that Sunday August 21, should have been excluded in computing the twenty-day period under Rule 37, and Monday, August 22, considered the twentieth day for filing purposes.

■ In the face of these simple facts of life, respondent cites Narramore v. Fannin's Gas & Equipment Co., 80 Ariz. 115, 293 P.2d 671, as supporting its position that the Commission may not extend time for filing a written protest beyond twenty days.

In that case the protest, although dated on the twentieth day, was not received by the Commission for filing until the twenty-first day. The rule required that the protest be *"filed"* (which we held means actual receipt by an authorized officer) with the Commission within the twenty day period, and no legal impediment existed for its filing on the twentieth day. The ruling was proper that the time could not be *extended* under such circumstances. However, when by statute the method of computation *excludes* certain days, it is not a legal *extension* of time, even though in fact if the legally excluded days were counted, the actual number of days would exceed the limitation. It is obvious, however, that a document cannot be "filed" on a day when, by statute, public offices may be closed.

We hold, therefore, that where under Industrial Commission Rule 37, the twentieth calendar day falls on a day when, by statute, a public office may be closed for the transaction of business, and as a matter of fact is closed, such day must be excluded in computation, and the twentieth day for filing purposes is the next day such offices are open for business.

The Order denying Petition and Application for Rehearing is set aside.

STRUCKMEYER, C. J., BERNSTEIN, V. C. J., and UDALL and JENNINGS, JJ., concur.