474 P.2d 812

John O. HALL, Petitioner,

v.

INDUSTRIAL COMMISSION of Arizona, Respondent,

Tucson School District No. 1, Respondent Employer,

State Compensation Fund, Respondent Carrier.

No. 10032-PR.

Supreme Court of Arizona, In Banc.

Sept. 25, 1970.

**222**

Paul G. Rees, Jr., Tucson, for petitioner.

Donald Cross, Chief Counsel, Phoenix, for respondent Industrial Commission.

Robert K. Park, Chief Counsel, by Dee-Dee Samet, Phoenix, for respondent State Compensation Fund.

HAYS, Justice.

This cause is before us on a petition to review an order of the Court of Appeals, Division 1, Hall v. Industrial Commission of Arizona (filed Feb. 18, 1970), which granted a motion to quash a writ of certiorari and dismiss the petition to review an award of the Industrial Commission.

An award was issued by the Industrial Commission on December 31, 1969. On Friday, January 30, 1970, the last day on which to file a petition for a writ of certiorari, counsel for the petitioner finally, at 7:00 p. m., received authorization to file. The attorney presented the petition, the writ, an order for the writ to issue and an additional order to Judge Lawrence Howard, Court of Appeals, Division 2. Judge Howard executed both orders and on each wrote, "Filed with Court on Jan. 30, 1970 at 10:25 p. m. Lawrence Howard." All of these documents were mailed by petitioner's attorney to the clerk of Division 1 and received on Tuesday, February 3, 1970. On that date the documents were filed, the official filing stamp of the clerk was affixed and the writ was issued.

■ Respondent Industrial Commission moved to quash the writ on the grounds that the petition was not filed with the Court of Appeals, Division 1, until 33 days after the award was issued which prevented the court from acquiring jurisdiction of the cause. Petitioner responded contending that the statute requiring an application for the writ to be brought in Division 1 relates only to venue; that there is but one Court of Appeals which sits in different divisions; that each division has equal jurisdiction and that he therefore met the 30 day time requirement by filing with Judge Howard on January 30, 1970.

The Court of Appeals, Division 1, granted the motion to quash the writ and dismissed the petition stating in the order that before there can be a viable proceeding in the Court of Appeals and before its judges can enter a valid order in any proceeding before it, the initiating papers must be filed with one of its clerks. The court concluded that the petitioner's cause was not properly before it until February 3, 1970, more than 30 days after the award, and therefore, the Court had no jurisdiction to issue the Writ of Certiorari.

The following statute provides the procedure for reviewing an award of the Industrial Commission:

A.R.S. § 23–951. *"Writ of certiorari to review lawfulness of award; procedure*

A. Any party affected by an award of the commission under the provisions of § 23–943 may apply to the court of appeals for a writ of certiorari to review the lawfulness of the award.

B. The writ of certiorari provided by subsection A and by § 23–943 shall be made returnable within ten days and shall direct the commission to certify its record, proceedings and evidence to the court of appeals. The court of appeals may quash or dismiss the writ of certiorari upon the grounds of dismissal applicable to civil appeals. The review shall be limited to determining whether or not the commission acted without or in excess of its power and, if findings of fact were made, whether or not such findings of fact support the award. If necessary, the court may review the evidence.

C. Each party to the proceeding before the commission may appear in the court of appeals.

D. The court of appeals shall enter judgment either affirming or setting aside the award.

E. The rules of civil procedure, relating to certiorari shall apply so far as applicable and not in conflict with this chapter."

It is to be noted that subsection (E) of the foregoing statute makes applicable the Rules of Civil Procedure. Petitioner urges that Rule 5(h) of the Rules of Civil Procedure, 16 A.R.S. supports his position. Rule 5(h) reads as follows:

*"Filing with the court defined.* The filing of pleadings and other papers with the court as required by these Rules shall be made by filing them with the clerk of the court, except that the judge may permit the papers to be filed with him and in that event he shall note thereon the fil-

ing date and forthwith transmit them to the office of the clerk."

Rule 5(h) may be interpreted as petitioner contends, but it must be read with the following statute:

A.R.S. § 12–321. *"Appeals or original applications*

A. On appeal from the judgment or order of a superior court in a civil action, appellant, at the time of filing the record on appeal, shall pay to the clerk of the supreme court twenty-five dollars. Within thirty days after filing such record appellee shall pay to the clerk of the supreme court fifteen dollars, which shall be in full for all fees except those allowed by law.

B. An applicant for a writ of mandamus, certiorari quo warranto or other writ within the original jurisdiction of the supreme court, except a writ of habeas corpus, shall pay the clerk fifteen dollars at the time of filing the petition or application. Any party opposing the issuance of such writ shall pay the clerk five dollars."

A.R.S. § 12–120.31 provides that "Fees and Costs in the Court of Appeals shall be the same as in the Supreme Court." Rule 47—Rules of the Supreme Court, 17 A.R.S., says that procedures in appeals and other matters in the Court of Appeals shall be the same as in the Supreme Court.

It is apparent that the tender of the specified fee or a specific waiver thereof, is a part of the process in filing a petition for writ of certiorar. In this case the judge receiving the purported filing was not tendered the fee nor did he retain the pleadings purportedly filed. In his discretion, the judge, after an avowal of emergency circumstances not resulting from a client's neglect or dilatory conduct, could have accepted the filing and the fees and retained the same. Such a filing under appropriate circumstances would be valid.

The respondent Commission urges that by reason of A.R.S. § 12–120.21, subsec. B a person seeking a writ of certiorari from the Industrial Commission must file with Di-

vision I of the Court of Appeals. It is true that the statute says that an application for the writ shall be brought in Division I but this statute must be read in conjunction with A.R.S. § 12–120.22, subsec. B which reads as follows:

"B. No case, appeal or petition for a writ brought in the supreme court or court of appeals shall be dismissed for the reason only that it was not brought in the proper court or division, but it shall be transferred to the proper court or division."

 By the foregoing we do not intend to infer that counsel have an option in the routine filing of Industrial Commission cases; the appropriate place for filing is in Division I.

The order of the Court of Appeals dismissing the petition for writ of certiorari is affirmed.

LOCKWOOD, C. J., STRUCKMEYER, V. C. J., and UDALL and McFARLAND, JJ., concur.