485 P.2d 825

**HAWKINSON TIRE COMPANY of Arizona, an Arizona corporation, Appellant,**

v.

**PAUL E. HAWKINSON COMPANY, a Minnesota corporation, Appellee.**

**No. 10318–PR.**

Supreme Court of Arizona, In Banc.

June 3, 1971.

Marks & Marks, by Philip J. Shea, Phoenix, for appellant.

Snell & Wilmer, by George C. Wallach, Phoenix, for appellee.

CAMERON, Justice.

In this matter, the appellant, Hawkinson Tire Company, an Arizona corporation, and the defendant in the trial court, filed its motion for rehearing after the opinion of the Court of Appeals affirming the decision of the trial court. The appellee raised the question of the timeliness of the motion for rehearing and we granted the petition for review on this question. We then consider the computation of time as it relates to the filing of the motion for rehearing in the Court of Appeals. Rule 47

of the Rules of the Supreme Court, 17 A. R.S. states as follows:

"47(a) Motion for Rehearing. Any party desiring a rehearing from a decision or an order finally disposing of any case in the Court of Appeals, except an order denying a motion for rehearing, may, within fifteen days after the clerk has given notice that a decision or final order has been rendered by the Court of Appeals, file therein a Motion in writing for a rehearing, specifying the particular grounds for rehearing. * * *"

In the instant case the decision was filed and mailed on 19 November 1970. The motion for rehearing was filed on 4 December 1970 and a motion to dismiss based upon untimeliness was filed in response. Rule 10(a) of the Rules of the Supreme Court applicable in this case provides that "the time shall begin to run from the date of deposit in the post office * * *." If we omit the first day and count the last day then the motion was filed "within fifteen days" as required by Rule 47(a) of the Rules of the Supreme Court. On the other hand, if we count both the first and last day as appellee contends we should, then the motion was not filed within 15 days and would not be timely. Appellant contends that Rules 6(a) and 6(e) of the Rules of Civil Procedure, 16 A.R.S., apply and therefore the first day is not counted [Rule 6(a)] and also that he should have 3 additional days for mailing [Rule 6(e)].

 These two rules, 6(a) and 6(e), are part of the Rules of Civil Procedure, 16 A.R.S. They have not been incorporated into the Rules of the Supreme Court which govern appellate procedures. We therefore hold that these two rules, 6(a) and 6(e) of the Rules of Civil Procedure, are not controlling in this case. Our statute, however, reads as follows:

"The time in which an act is required to be done shall be computed by excluding the first day and including the last day, unless the last day is a holiday, and then it is also excluded." § 1–243 A.R.S.

Although the law is not clear as to the applicability of this statute to the matters of procedure before this court, Arizona Podiatry Ass'n v. Director of Insurance, 101 Ariz. 544, 422 P.2d 108 (1966), we feel that the statute merely codifies what has been the common law (§ 1–201 A.R.S.). See 86 C.J.S. Time § 13(1), pages 848, 849. Whether by statute or by common law, we hold that the motion for rehearing was timely filed. See Moody v. Vans Gila Gin Company, 89 Ariz. 280, 361 P.2d 541 (1961) in which we applied the statute (§ 1–243 A.R.S.) to the Rules of Procedure Before The Industrial Commission.

Having determined that the motion for rehearing was timely filed "within fifteen days after the clerk has given notice" (Rule 47, Rules of the Supreme Court) we now proceed to the merits of the case. We believe that the Court of Appeals correctly disposed of the matter on its merits and the opinion of that court as reported in 13 Ariz.App. 343, 476 P.2d 864 (1970) is hereby approved.

STRUCKMEYER, C. J., HAYS, V. C. J., and UDALL and LOCKWOOD, JJ., concur.