493 P.2d 1194

Lorenzo C. APODACA, Petitioner,

v.

The INDUSTRIAL COMMISSION
of Arizona, Respondent,

Magma Copper Company, Respond-
ent Employer,

State Compensation Fund, Respond-
ent Carrier.

No. 10594–PR.

Supreme Court of Arizona,
In Banc.

Feb. 18, 1972.

Rehearing Denied March 14, 1972.

Bernard I. Rabinovitz, Tucson, for peti-
tioner.

William C. Wahl, Jr., Chief Counsel,
Phoenix, for respondent.

Twitty, Sievwright & Mills, by John F.
Mills, Phoenix, for respondent Employer.

Robert K. Park, Chief Counsel, Phoenix,
for respondent Carrier.

CAMERON, Vice Chief Justice.

This court granted Mr. Apodaca's peti-
tion to review an order of the Court of
Appeals which dismissed his writ of cer-
tiorari to that court.

We are asked to determine whether a
petition for review of a hearing officer's
award pursuant to § 23–942 and § 23–943
A.R.S. left at the Industrial Commission's
office after business hours on the last day
was timely.

Petitioner filed a claim with the Indus-
trial Commission alleging that on 28 May
1970, he suffered injury by accident to his
right foot arising out of and in the course
of his employment. The hearing officer
entered his Decision Upon Hearing and

Findings and Award on 25 February 1971, holding that petitioner was entitled to limited medical, surgical and hospital benefits. Petitioner was dissatisfied with the award, however, and filed a timely Motion for Reconsideration. According to Rule 59 of the Rules of Procedure Before the Industrial Commission, this motion was deemed denied since the hearing officer did not act within 10 days. Rule 59 also states that if any party wishes to request review by the Commission of a hearing officer's award, such request for review must be "filed" with the Commission "within thirty (30) days from the date of entry of the hearing officer award even though a Motion for Reconsideration has been filed * * *." The last day for filing such a petition to review the award of 25 February was Monday, 29 March 1971 (the next business day after Saturday, 27 March 1971).

On 29 March 1971, at a few minutes before 5:00 p. m. (the record is not clear on this point), petitioner's attorney called the office of the Industrial Commission stating that he was on his way with his motion for review. He was apparently told that everyone was leaving but he need not worry because the Industrial Commission had, on several occasions, considered as timely petitions for review filed a day late. Petitioner then drove to the offices of the Industrial Commission and, finding the doors locked, slipped the petition through the locked doors. This was at approximately 5:20 p. m. At approximately 7:00 p. m. that same day, one of the hearing officers arrived at the office of the Industrial Commission and found the petition under the door leading into the offices. The petition was stamped the next day—30 March 1971.

On 6 April 1971, the Industrial Commission entered an order finding that the petition was not timely filed and stating that it did not have jurisdiction. The petitioner sought review in the Court of Appeals by way of petition for writ of certiorari. The respondents, Magma Copper Company and State Compensation Fund, filed a motion to quash the petition which was granted by the Court of Appeals holding that the petition for review had not been timely filed. We granted the petition to review the order of the Court of Appeals.

According to § 23–942 A.R.S., petitioner was required to request a review within 30 days after the date on which a copy of the award was mailed to him which was 25 February 1971. The final date for this petition, therefore, was 29 March 1971. Petitioner contends that since his petition was placed inside the doors of the office of the Industrial Commission on 29 March 1971, even though after 5:00 p. m. at which time the office closed, the petition was timely.

In support of his position, petitioner cites to us the recent case of Hall v. Industrial Commission, 106 Ariz. 221, 474 P.2d 812 (1970). The question in Hall, supra, was whether a writ of certiorari was timely filed with the Court of Appeals. Petitioner in that case had delivered his writ to a judge of the Court of Appeals at 10:25 p. m. on the last day permissible for filing. This court, although holding that the Commission had no jurisdiction since the papers were not "filed" nor was the fee paid within the time allowed, stated that such a "filing" would be valid under proper circumstances. It should be noted, however, that § 23–951 A.R.S. applies the Rules of Civil Procedure, 16 A.R.S., to writs of certiorari in Industrial Commission matters and that Rule 5(h) of the Rules of Civil Procedure specifically permits filing with the judge personally. We do not agree that Hall v. Industrial Commission, supra, applies to the facts in this case.

Office hours for State offices are provided by statute:

"§ 38–401. Office hours for state offices

"Unless otherwise provided by law, and except on holidays, state offices shall be kept open for transaction of business from eight o'clock a. m. until five o'clock p. m. each day from Monday through Friday. As amended Laws 1958, Ch. 27, § 2."

·We have held that this statute applies to the Industrial Commission:

"* * * A.R.S. § 1–301(A) (1) declares that Sunday of each week shall be a holiday; A.R.S. § 1–302(A) states that public offices shall not be open on legal holidays (except in certain instances not relevant here), and A.R.S. § 38–401, amended 1958, provides that state offices shall be kept open for transaction of business from eight o'clock a. m. until five o'clock p. m. each day, Monday through Friday, unless otherwise provided by law. In short, the Legislature has made it quite evident that the Industrial Commission offices need only be kept open for business from 8 o'clock a. m. to 5 o'clock p. m., Monday through Friday." Moody v. Vans Gila Gin Cmpany, 89 Ariz. 280, 281, 361 P.2d 541, 542 (1961).

Concerning challenges to orders the statute reads:

"§ 23–945. Petition for hearing on validity of order; procedure; substitution of order

"A. Any employer or other person interested in or affected by an order of the commission may petition for a hearing on the reasonableness and lawfulness of such order by a verified petition filed with the commission. The petition shall set forth specifically and in detail the order upon which a hearing is desired, the reasons why the order is unreasonable or unlawful and the issue to be considered by the commission on the hearing. Objections other than those set forth in the petition are deemed finally waived."

■ The law is clear, therefore, that a person wishing to contest an order of the Commission is required by statute, § 23–945 A.R.S. and Rules 3·and 5(c), Rules of Procedure Before the Industrial Commission, to file a verified petition with the Industrial Commission within the time allotted and during business hours.

There is, however, a difference between an award and an order of the Commission:

"§ 23–901. Definitions

* * * * ·'* ·'* ··

"8. 'Order' means and includes any rule, regulation, direction, requirement, standard, determination or decision other than an award or a directive by the commission or a hearing officer relative to any entitlement to compensation benefits, or to the amount thereof, and any procedural ruling relative to the processing or adjudicating of a compensation matter." ·

See also Murphy v. Industrial Commission, 52 Ariz. 343, ·80 P.2d 960 (1938).

In the instant case, we are concerned with an award and not an order. § 23–942 A.R.S. reads as follows:

"§ 23–942. Awards of hearing officer; contents; disposition and effect

* * * * * *

"C. The award is final when entered unless within thirty days after the date on which a copy of the award is mailed to the parties, one of the parties requests a review under § 23–943. * * *"

§ 23–943 A.R.S. reads in part as follows:

"§ 23–943. Review of hearing officer awards

"A. The request for review by the commission of an award of a hearing officer· need only state that the party requests a review of the award.

"B. The request for review shall be mailed to the commission and copies of the request shall be mailed to all other parties to the proceeding before the hearing officer."

■■ The legislature, by the different language used in these sections, has made it clear that requests for review of awards· are to be treated differently from petitions for hearings on orders. According to these statutes, a "request for review" mailed· within 30 days after a copy of the award is mailed would be timely even if not received by the Commission until after the 30th day. In the instant case, the 30th day was Saturday, 27 March and the next business day was Monday, 29 March. While' Rule 6(a) of the Rules of Civil Procedure,

16 A.R.S., does not necessarily apply to procedures before the Industrial Commission, we believe Rule 6(a) states what is the general rule in the absence of a statute to the contrary that when the last day falls on a Saturday, Sunday or holiday that the time for giving notice is extended to the next business day. Rule 3 of the Rules of Procedure Before The Industrial Commission contains similar language:

" * * * The day of the act or event after which the designated period of time begins to run is not to be included. The last day of the period so computed is to be included, unless it is a Saturday, Sunday or a legal holiday, in which event the period runs until the end of the next day which is neither a Saturday, Sunday nor a holiday. * * * "

Had petitioner mailed the petition on the evening of Monday, 29 March, instead of delivering it to the Commission office, the mailing would have been timely according to § 23–943 A.R.S. The fact that he chose to deliver it personally is not, we believe, fatal, as the proof clearly shows that the request for review was actually received at the Commission office within the time allowed. We believe that the intent of the legislature was met when petitioner delivered the request for review to the office and that it was therefore timely.

 It is contended, however, that by Rule 59 of the Rules of Procedure Before The Industrial Commission that the petitioner had to actually "file" the request for review within the time period. With this we disagree. Admittedly, the Commission rules of procedure (Rule 59) require the petition for review to be "filed", but we find nothing in the statutes which requires the petitioner to give any more than what amounts to notice by mail. We do not feel that the Commission may, by rule, require more than the statute requires. The holding in Narramore v. Fannin's Gas & Equipment Co., 80 Ariz. 115, 293 P.2d 671 (1956) is distinguished in that § 23–942 and § 23–943 A.R.S. were not in existence at that time.

We therefore hold that the request for review was timely requested and that the Commission has jurisdiction to consider the matter. In so holding, we are aware of the problems of proof that may attend this holding. The postmark on the letter and the filing stamp of the Commission is certainly presumptive proof of the time of mailing and receipt thereof. Absent a timely postmark or filing stamp, the one asserting that the written notices were timely deposited with the proper office has the burden of so showing. This was not a problem in the instant case in that the facts were not in dispute that the request was received by the Commission in its office before midnight on the day in question.

The order of the Commission is set aside.

HAYS, C. J., and STRUCKMEYER, LOCKWOOD and HOLOHAN, JJ., concur.