885 P.2d 1077

Thomas WATTS, Petitioner,

v.

INDUSTRIAL COMMISSION OF ARIZONA, Respondent,

Salt River Sand & Rock, Respondent Employer,

Fremont Indemnity, Respondent Carrier.

No. CV–93–0342–PR.

Supreme Court of Arizona, En Banc.

Nov. 29, 1994.

Lawrence P. Nicholls, Phoenix, for Thomas Watts.

Anita R. Valainis, Chief Counsel, Indus. Com'n of Ariz., Phoenix, for respondent.

Jones, Skelton & Hochuli by Terrence Kurth, Phoenix, for respondent employer/carrier.

## OPINION

MARTONE, Justice.

We are asked to decide whether an otherwise timely petition for special action seeking review in the court of appeals of a decision of the Industrial Commission becomes untimely because the filing fee was paid after the time for filing the petition expired. We hold that it does not.

## BACKGROUND

This is a workers' compensation case. On May 10, 1993, a "decision upon review" under A.R.S. § 23–943 was entered affirming an award against Watts. On June 7, 1993; with-

in the 30–day period provided by § 23–943(H), Watts presented to the clerk of the court of appeals a petition for special action under Rule 10, Rules of Procedure for Special Actions, and A.R.S. § 23–951. A copy of the petition was served on the Industrial Commission, the employer, and the carrier within the 30–day period. The clerk of the court of appeals refused to accept the petition for filing because it was not accompanied by the filing fee required by A.R.S. § 12–321(B).[1] The process server who presented the petition for filing returned the documents to counsel for Watts who did not discover that the documents were not actually filed until after the 30–day period expired. The petition for special action and the filing fee were then presented to and accepted by the clerk of the court of appeals on June 22, 1993.

The employer and carrier moved to dismiss the petition for special action on the ground of untimeliness. Believing the timely payment of the filing fee to be jurisdictional, the court of appeals entered an order dismissing the petition for special action. We granted Watts' petition for review.

### ANALYSIS

At the outset, we make clear what is not before us. We do not decide when a fee is timely. Nor is this a case in which a clerk may condition the performance of a service upon the payment of a fee. See A.R.S. §§ 12–301 and 12–302. The question here is the timeliness of the petition, not the timeliness of the fee. This petition for special action is essentially appellate review of the final decision of the Industrial Commission. It is a special procedure prescribed by Rule 10, Rules of Procedure for Special Actions, entitled "Review of Industrial Commission Awards by the Court of Appeals." Review

by the court of appeals of Industrial Commission awards in workers' compensation cases, as prescribed by A.R.S. § 23–943(H) and § 23–951, "shall be made in accordance with the procedures set forth in this Rule." Rule 10(a). Although labeled a special action, review is mandatory, not discretionary. A.R.S. § 23–951.

In dismissing the petition, the court of appeals relied upon this court's decision in *Hall v. Industrial Comm'n*, 106 Ariz. 221, 474 P.2d 812 (1970). Reading the tender of the filing fee as "part of the process in filing a petition for writ of certiorar[i]," the court affirmed the dismissal of the petition. *Id.* at 223, 474 P.2d at 814.

But much has happened since 1970. We adopted Rule 10, Rules of Procedure for Special Actions, in 1975. It replaced the writ of certiorari and requires review by a special process called "Special Action–Industrial Commission." It requires that the petitioner "tender to the Clerk of the Court of Appeals a writ of review at the time of the filing of the petition." Rule 10(c). No mention is made of the filing fee. And, most importantly, Rule 10(k) provides that, except as Rule 10 otherwise provides, "the Arizona Rules of Civil Appellate Procedure ... shall apply."

Rule 10 makes review by the court of appeals of Industrial Commission awards much like review by the court of appeals of civil appeals. Rule 10(g) provides that the court of appeals may dismiss a petition upon grounds applicable to civil appeals. So, too, does A.R.S. § 23–951(B) ("The court of appeals may quash or dismiss the writ of certiorari upon the grounds of dismissal applicable to civil appeals."). Much like A.R.S. § 23–943(H), applicable to the review of Industrial Commission awards, Rule 9, Ariz.R.Civ.App. P., requires that a notice of appeal be filed with the clerk of the superior court not later

---

1. A.R.S. § 12–321 provides:

A. On appeal from the judgment or order of a superior court in a civil action, the appellant, at the time of filing the record on appeal, shall pay to the clerk of the supreme court a fee pursuant to § 12–119.01. Within thirty days after filing such record appellee shall pay to the clerk of the supreme court a fee pursuant to § 12–119.01, which shall be in full for all fees except those allowed by law.

B. An applicant for a writ of mandamus, certiorari, quo warranto or other writ within the original jurisdiction of the supreme court, except a writ of habeas corpus, shall pay the clerk a fee pursuant to § 12–119.01 at the time of filing the petition or application. Any party opposing the issuance of such writ shall pay the clerk a fee pursuant to § 12–119.01.

Fees in the court of appeals and this court are the same. A.R.S. § 12–120.31.

**514**

than 30 days after entry of judgment. But Rule 8(a), Ariz.R.Civ.App.P., provides that:

> Failure of an appellant to take any step other than the timely filing of a notice of appeal does not affect the validity of the appeal, but is a ground only for such action as the appellate court deems appropriate, which may include dismissal of the appeal.

 On the face of it, it would thus seem that, at least with respect to civil appeals, the failure to pay a fee does not affect the validity of the appeal, but could subject it to dismissal. And we have so held. In *Marriage of Gray*, 144 Ariz. 89, 695 P.2d 1127 (1985), an appellant presented her notice of appeal to the clerk of the superior court within the 30–day period, but it was unaccompanied by a preparation fee then required by A.R.S. § 12–2107.[2] Upon request of the clerk, the appellant paid the fee, after which the clerk filed the notice of appeal. By then, however, it was three days late. The court of appeals dismissed the appeal as untimely. We disagreed. We noted that A.R.S. § 12–2107 did not authorize the clerk to condition acceptance of a notice of appeal upon prepayment of the preparation fee. We said that the fee should be paid within a reasonable time after the notice of appeal is filed and that the failure to pay it could result in sanctions, presumably including dismissal. But failure to pay the fee within the time allotted for the filing of the notice did not make the appeal untimely. This, of course, is quite consistent with Rule 8(a), Ariz.R.Civ.App.P. To be sure, *Gray* involved the fee on appeal payable to the clerk of the superior court under § 12–2107 and not the fee on appeal payable to the clerk of the appellate court under § 12–321(A). But, at least as to petitions filed under Rule 10, the fee required by § 12–321(B) is analogous to the one required by § 12–2107, not § 12–321(A). The question is the timeliness of the notice, not the timeliness of the fee.

Rule 10(k), Rules of Procedure for Special Actions, incorporates the Rules of Civil Appellate Procedure by reference unless they are otherwise inconsistent with Rule 10. But Rule 10(g) specifically states that the court of appeals may dismiss a petition upon the same grounds that it may dismiss a civil appeal. Thus, far from being inconsistent, Rule 10, Rules of Procedure for Special Actions, and the Rules of Civil Appellate Procedure, are in harmony.

Of course, when we decided *Hall v. Industrial Comm'n*, neither Rule 10, Rules of Procedure for Special Actions, nor the Rules of Civil Appellate Procedure existed. We think this makes a difference. The rule of *Hall* has simply not survived the adoption of these rules.

 We therefore hold that the clerk of the court of appeals is without authority to refuse to accept for filing an otherwise timely petition for special action under Rule 10, Rules of Procedure for Special Actions, seeking review of Industrial Commission awards, for the sole ground that the petition is unaccompanied by the fee required by A.R.S. § 12–321(B).[3] The clerk should accept the petition, file it, and *instruct the petitioner that the fee must be paid at once* ["at the time of filing the petition," § 12–321(B)] or within a reasonable period or else the petition will be subject to dismissal. If the fee remains unpaid after a reasonable period expires, the clerk may refer the matter to the court for dismissal.[4]

We reverse the order of the court of appeals and remand this case to the court of appeals for reinstatement of the petition.

FELDMAN, C.J., MOELLER, V.C.J., and CORCORAN and ZLAKET, JJ., concur.

---

2. Section 12–2107 has since been amended to substitute the record preparation fee with the filing fee for a notice of appeal prescribed by § 12–284. *This does not alter our conclusion.*

3. The issue of whether the clerk may refuse to accept for filing special actions other than those under Rule 10 when unaccompanied by the fee required by § 12–321(B) is not before us. We note, however, that unlike Rule 10 petitions, petitions that need not be filed within any set time period raise no timeliness issues of jurisdictional dimension.

4. We note that § 12–322 expressly provides for the abandonment of civil appeals upon the failure to pay the fee required by § 12–321(A) within 30 days of notice by the clerk.