Russell DEAN, Appellant,

v.

William NOVAK, d/b/a Kay's Delivery
Service, Respondent.

Erma DEAN, Appellant,

v.

William NOVAK, d/b/a Kay's Delivery
Service, Respondent.

Nos. 49178 and 49179.

Supreme Court of Missouri,

Division No. 1.

Oct. 8, 1962.

Jones & Tager, Stephenson, Henry &
Schollars, Kansas City, for appellants.

Lane D. Bauer, Kansas City, for defend-
ant-respondent. Shook, Hardy, Ottman,
Mitchell & Bacon, Kansas City, of counsel.

HOUSER, Commissioner.

These are appeals from orders of the
Circuit Court of Jackson County dismiss-
ing two petitions for damages on the
ground that they are barred by limitations.
The two appeals have been consolidated
for the determination of a common ques-
tion of law.

On August 31, 1961, in the Circuit Court
of Jackson County, Missouri, Russell E.
Dean and Erma M. Dean filed separate peti-
tions for damages for personal injuries
alleged to have been sustained by them in
Kansas City, Kansas on December 11, 1958
when a truck, owned by defendant and
driven by his agent and servant, negligent-
ly struck the rear of a vehicle occupied
by plaintiffs. Both petitions contained this
allegation:

"1. That plaintiff is a citizen and resi-
dent of the State of Kansas, residing at 1519
South Main Street, Ottawa, Kansas; and
that defendant William K. Novak is an in-
dividual doing business as 'Kay's Delivery
Service' and maintaining his office at 1510
Charlotte Street, Kansas City, Missouri;
that at all times hereinafter mentioned, de-
fendant's vehicle was operated by one Jim-
my Briggs, the agent, servant and employee
of defendant, acting in line with his duty
and full scope of employment for defend-
ant." Neither petition contained any alle-
gation with respect to the residence of de-
fendant or his presence in or absence from
the state since December 11, 1958.

Defendant filed the following motion to dismiss in both cases:

"Comes now defendant and moves the Court to dismiss this action for the reason that it fails to state a claim for relief which can be granted against defendant as it affirmatively appears on the face of the petition that this action is barred by the Kansas Statute of Limitations, General Statutes of Kansas, 1949, Section 60–306, in that plaintiff alleges [he] she was injured on December 11, 1958, in Kansas City, Kansas, and the above action was not filed until August 31, 1961, more than two years after the accrual of plaintiff's cause of action."

The trial court sustained the motion to dismiss in each case. Each plaintiff appealed to this Court, which has jurisdiction since the prayer of each petition is for $25,000.

Under the statute of limitations in Kansas tort actions for personal injuries can only be brought within two years. Kansas General Statutes, § 60–306. If not filed within two years of the date of injury, such actions are barred. Nashville, C. & St. L. Ry. v. Dale & Nessly Milling Co., 68 Kan. 108, 74 P. 596.

The alleged injuries occurred on December 11, 1958. Plaintiffs filed their actions on August 31, 1961, more than two years and eight months after the alleged date of injury, so the actions were barred by § 60–306, supra, unless plaintiffs are saved therefrom by the Kansas "tolling statute," Kansas General Statutes, § 60–309, which provides: "If when a cause of action accrues against a person he be out of the state, or has absconded or concealed himself, the period limited for the commencement of the action shall not begin to run until he comes into the state, or while he is so absconded or concealed; and if after the cause of action accrues he departs from the state, or abscond or conceal himself, the time of his absence or concealment shall not be computed as any part

of the period within which the action must be brought. * * *"

In the trial court plaintiffs sought to avail themselves of the benefit of the tolling statute without alleging or proving but by simply *assuming* the facts essential to invoke the tolling statute, namely, that on the date of the alleged injury, December 11, 1958, defendant William Novak, a resident of Missouri and nonresident of Kansas, was out of the State of Kansas, and did not come into the State of Kansas during the two-year period following the accrual of the causes of action. Neither in the circuit court nor in this Court did defendant concede these vital facts. Plaintiffs in their appeal brief again *assumed* that defendant was a resident of Jackson County, Missouri at the time of the collision and (without anything in the record to support the statement) recited that "defendant was absent from the state during the two-year period following the accrual of the cause of action." Defendant took issue with plaintiffs on this question, stating in the first point of his brief on appeal that "There is no pleading or proof in the record that defendant was a nonresident of Kansas, and therefore the Kansas tolling statute * * * is not applicable and these actions are barred by the Kansas two year statute of limitations * * *."

Professing surprise at the unwillingness of defendant to make the concession, plaintiffs filed a Motion to File Addendum to Transcript on Appeal on the day of oral argument in this Court, seeking to add to the transcript an admission by defendant that he is a nonresident of the State of Kansas, which statement apparently was made in defendant's suggestions to the trial court in support of defendant's motion to dismiss. (Defendant, seeking to nullify the application of the tolling statute apparently stated therein that defendant was a nonresident of Kansas when plaintiffs' causes of action accrued as a basis for his contention that the tolling statute was inapplicable because as a nonresi-

dent motorist defendant was subject to and available for process by service upon the Secretary of State of Kansas under the provisions of Kansas General Statutes, § 8–401, commonly known as the "long-arm" statute.)

■ Absent consent of the parties (not given) the motion to add to the transcript of the record was too late. Sup.Ct.Rule 82.14(a), V.A.M.R.; Donati v. Gualdoni, 358 Mo. 667, 216 S.W.2d. 519, 520. While this Court may, if it deems necessary, order the filing of a supplemental transcript on appeal including any additional part of the record, proceedings or evidence, or direct the clerk to send up any original documents or exhibits, Sup.Ct.Rule 82.12(c), it is futile to make any such order in this case because the suggestions, even if incorporated in the record, would not supply the missing link in plaintiff's chain. The only admission therein is that of nonresidence. The statement as to nonresidence alone would not be decisive and dispositive of the case. In order to establish that the two-year statute of limitations was tolled it was plaintiff's burden to establish that *on December 11, 1958 defendant was out of the State of Kansas, and that he did not come into the State of Kansas during the two-year period following December 11, 1958.* The suggestions contain no such admission. Contrast this with the situation in Nastasio v. Cinnamon, Mo.Sup., 295 S.W.2d 117. Accordingly, plaintiffs' Motion to File Addendum to Transcript on Appeal is overruled.

Turning to the record, plaintiffs did not prove and defendant did not admit the essential missing facts above italicized. Therefore plaintiffs must face the bar of the Kansas two-year statute of limitations without the benefit of the Kansas tolling statute. Since these actions could not be maintained in Kansas because of the statute of limitations of that state they are also barred in this state. McLendon v. Kissick, 363 Mo. 264, 250 S.W.2d 489, 491.

This dispenses with the necessity of considering the contentions of the parties with respect to the effect of the nonresident motorist statute, Kansas General Statutes, § 8–401, upon the tolling statute, Kansas General Statutes, § 60–309, and requires the affirmance of the judgment appealed from. It is so ordered.

COIL, C., concurs in result.

HOLMAN, C., concurs.

PER CURIAM.

The foregoing opinion by HOUSER, C., is adopted as the opinion of the court.

All of the Judges concur.