511 P.2d 650

**Carl W. SELBY, Appellant,**

v.

**Howard H. KARMAN and Geraldine Karman, his wife, Appellees.**

**No. 2 CA–CIV 1355.**

Court of Appeals of Arizona, Division 2.

July 2, 1973.

Rehearing Denied July 25, 1973.

Review Granted Sept. 25, 1973.

Otto H. Linsenmeyer and Frank E. Dickey, Jr., Phoenix, for appellant.

Browder & Gillenwater, P. C., by Powell B. Gillenwater and Robert W. Browder, Phoenix, for appellees.

KRUCKER, Judge.

This is an appeal by Carl W. Selby, plaintiff below, from a summary judgment

in a personal injury action in favor of appellees, Howard H. and Geraldine Karman, defendants below. The action, filed September 21, 1971, arose out of an accident which occurred September 3, 1969. In a motion for summary judgment, defendants raised the two-year statute of limitations for an action for personal injuries, A.R.S. § 12–542, as amended.[1] Plaintiff claimed that the defendants had been outside the State of Arizona and out of the United States for a total of 52 days during the two-year period and he relies on the so-called "tolling statute," A.R.S. § 12–501.[2] The 52-day period was established by answers to interrogatories by the defendant, Howard A. Karman.

The facts concerning the limitation question are not in dispute. It must be noted, however, that Mr. and Mrs. Karman have been actual bona fide residents of the State of Arizona at all times and that their absences from the jurisdiction were only temporary ones for vacation or business purposes. They did maintain their home and residence in Arizona at all times.

The affidavit filed by the plaintiff in opposition to the defendants' motion for summary judgment stated:

"  .  .  .  your affiant states that he did not know the whereabouts of the defendants, and was only told that they were on vacation at the time in question. .  .  ."

Under Rule 8(d), Rules of Civil Procedure, 16 A.R.S., the statute of limitations is an affirmative defense. As such, the burden of proof as to the statute is upon the defendants. Having demonstrated to the trial court that the complaint was filed

---

1. A.R.S. § 12–542, as amended, states:
    "A. Except as provided in subsection B, there shall be commenced and prosecuted within two years after the cause of action accrues, and not afterward, the following actions:
    1. For injuries done to the person of another."
    *      *      *      *      *

2. A.R.S. § 12–501, states:
    "When a person against whom there is a cause of action is without the state at the time the cause of action accrues or at any time during which the action might have been maintained, such action may be brought against the person after his return to the state. The time of such person's absence shall not be counted or taken as a part of the time limited by the provisions of this chapter."

more than two years after the cause of action accrued, the burden of proving that the statute was tolled rested upon the plaintiff. Dean v. Novak, 360 S.W.2d 714 (Mo.1962) ; Anderson v. Wise, 345 S.W.2d 803 (Tex.Civ.App. 1961) ; 54 C.J.S. Limitations of Actions § 388 at 527.

■ The purpose of statutory provisions tolling the running of the statute of limitations during the absence or non-residence of the defendant is to prevent the defendant from defeating the plaintiff's claim by merely absenting himself from the state or taking up residence elsewhere for the period of limitations. Although there are cases to the contrary,[3] we believe that the purpose of the tolling statute can still be served by adopting what we believe to be the better view epitamized by Summerrise v. Stephens, 75 Wash.2d 808, 454 P.2d 224 (1969). Thus, where, notwithstanding such absence or nonresidence, process could have been served in the state or under a long-arm statute to enable the plaintiff to institute an action upon his claim, the period of the defendant's absence from the state shall not be excluded from the period of limitation and the statute continues to run during such absence.[4]

■ Turning our attention to the plaintiff's affidavit, does it carry the burden of establishing the avoidance of the limitations statute? We think not. Under Rule 4(d), Rules of Civil Procedure, 16 A.R.S., in personam jurisdiction can be had by leaving a copy of the summons and complaint at the defendant's dwelling house or usual place of abode with some person of suitable age and discretion then residing therein. Mayhew v. McDougall, 16 Ariz. App. 125, 491 P.2d 848 (1971).

It was incumbent upon plaintiff to show that in personam jurisdiction could not be had in the State of Arizona or by the use of our long-arm statute, Rule 4(e)(2), Rules of Civil Procedure, 16 A.R.S. Although the affidavit might marginally be considered as sufficient on a motion for summary judgment on the issue of amenability to service under the long-arm statute, it does not show that service could not have been accomplished under Rule 4(d), Rules of Civil Procedure, 16 A.R.S.

Judgment affirmed.

HATHAWAY, C. J., and HOWARD, J., concur.

---

3. See cases annotated, 94 A.L.R. 485, 486; 119 A.L.R. 859, 861.

4. See cases annotated, 94 A.L.R. 485, 486, 488; 119 A.L.R. 859, 860; 51 Am.Jur. 2d Limitations of Actions § 161.