Audry I. STEWART, Plaintiff and Respondent,

v.

K&S COMPANY, INC., a Utah Corporation, J. O. Kingston, A. V. Gustafson, and LaDonna Kingston, Defendants and Appellants.

No. 15456.

Supreme Court of Utah.

Jan. 4, 1979.

Carl E. Kingston, Salt Lake City, for defendants and appellants.

Ronald C. Barker, Salt Lake City, for plaintiff and respondent.

CROCKETT, Justice:

Plaintiff Audry I. Stewart sued defendants K&S Company, and its officers, for an accounting to her as a stockholder. From a judgment awarding her $23,000 plus $12,-182.44 interest, the defendants appeal.

On February 1, 1955, defendant J. O. Kingston and the plaintiff's husband Dan B. Stewart organized the K&S Company. Its purpose was to deal in conditional sales contracts. J. O. Kingston and Dan Stewart each invested $10,000 in the newly-created corporation and any additional funds were to be contributed on an equal basis.

Plaintiff and her husband were directors and officers of K&S Company. On February 24, 1963, her husband died, leaving plaintiff as his sole heir. For the next two years, she continued to operate her husband's Dan Stewart Co. and to finance contracts with the K&S Company. However, after Mr. Stewart's death, J. O. Kingston filed an amendment to the company's articles of incorporation wherein the plaintiff's and her husband's name were omitted from the list of directors and officers of the company.

The plaintiff testified that she was never notified of any stockholder's meetings from the time her husband died until after the events just adverted to below. Her evidence was that J. O. Kingston thereafter operated the K&S Company as though he were the sole owner, controlling all money and assets, and suing to recover on contracts in his own name.

On September 29, 1967, he filed such a suit and the defendant therein interpleaded plaintiff Audry I. Stewart as a third-party defendant. Plaintiff claims that it was at that time she became aware of critical facts recited above, including defendant Kingston's wrongful conduct. She filed a cross-complaint in that suit, seeking an accounting. J. O. Kingston moved for summary judgment and, on November 21, 1972, the court rendered a memorandum decision dismissing the plaintiff's cross-claim. The dismissal was apparently granted for two reasons: (1) the filing fee for the cross-claim was not paid when it was filed, and (2) that the plaintiff was not herself the real party in interest, since by inadvertence or mistake her husband's one-half interest in the K&S Company had not been included in the inventory of his estate and distributed to her.

Thereafter, the plaintiff caused the probate proceeding of her husband's estate to be reopened and have his interest in the K&S Company vested in her. After filing the complaint in this case on October 10, 1973, she moved to file a supplemental counterclaim in the prior case, again seeking an accounting and a determination of the amount owed her by the company. She also sought to consolidate the two cases. The court denied the motions, indicating that the claims should be pursued in the present action.

Upon a plenary trial the court made findings that: (1) at the time of his death, Dan B. Stewart was the owner of one half of the capital stock of the K&S Company, (2) the plaintiff inherited that interest and was entitled to receive one half of the monies received or taken as dividends, profits or withdrawals, and (3) since the death of the plaintiff's husband, a total of $46,000 had been distributed among the defendants, without any share thereof having been paid to the plaintiff.

■ The defendants initially assert that the dismissal of the plaintiff's cross-claim in the other case has res judicata effect as to bar her claims herein. The rejoinder to this is that the dismissal of an action because one of the parties is not the real party in interest is not a dismissal on the merits so as to bar a subsequent action.[1] Moreover, in granting the dismissal the trial court indicated its awareness of the pendency of this action in which the plaintiff's claims could and should be pursued.

---

1. See Rule 41(b), U.R.C.P.; *Bauscher Grain v. National Surety Corp.*, 92 Idaho 229, 440 P.2d 349 (1968).

Defendants also contend that the plaintiff's claims are barred by U.C.A., 1953, 78–12–27 which provides:

> Actions against directors or stockholders of a corporation . . . to enforce a liability created, by law must be brought within three years after the discovery, by the aggrieved party, of the facts upon which . . . the liability accrued . . . .

In addressing this issue, this principle is to be borne in mind: where there is a fiduciary relationship, such as between corporate officers and a stockholder,[2] the statute of limitations does not begin to run until the stockholder discovers, or in the exercise of reasonable care should discover, that there is a wrong to be complained of;[3] and it hardly needs to be stated that this rule has application where funds are wrongfully withheld from stockholders.[4]

It is further pertinent to observe that the statute of limitations is an affirmative defense[5] in which burden is upon the defendants to prove that the action was not commenced within three years after the plaintiff discovered the wrongdoing. There is a reasonable basis in the evidence to justify the trial court's refusal to so find.

What has just been said also has general application to defendant's assertion that plaintiff's claims should be barred by laches. Moreover, this is an equitable defense[6] which the courts are reluctant to apply as against fraudulent misconduct; and under the evidence adduced the trial court was similarly justified in refusing to find that the plaintiff was guilty of laches in pursuing her claim after she discovered defendant's dereliction.[7]

By way of cross-appeal, the plaintiff argues that the court was in error in failing to award her interest in accordance with her evidence and computations as to the dates and amounts of funds withheld from her. It is to be had in mind that this is a case in equity; that the trial court was not necessarily obliged to accept in its entirety her self-serving evidence,[8] but could look to the totality of the circumstances to make his determination of what was just and equitable between the parties. In doing so, it stated as its conclusion that the plaintiff should have interest at the legal rate of 6 percent per annum from and after October 7, 1963. Under the standard rules of review, we are not persuaded that the trial court committed any such error as to justify interfering with his judgment.

Affirmed. In view of the fact that there was the appeal and the cross-appeal, the parties bear their own costs.

ELLETT, C. J., and MAUGHAN, WILKINS and HALL, JJ., concur.

2. *Cox v. Berry*, 19 Utah 2d 352, 431 P.2d 575 (1967); *Weatherby v. Weatherby Lumber Co.*, 94 Idaho 504, 492 P.2d 43 (1972); *Parsons Mobile Products, Inc. v. Remmert*, 216 Kan. 256, 531 P.2d 428 (1975).

3. *Tovrea Land & Cattle Co. v. Linsenmeyer*, 100 Ariz. 107, 412 P.2d 47 (1966); *Greco v. Pullara*, 166 Colo. 465, 444 P.2d 383 (1968); *Leach v. Anderson*, Utah, 535 P.2d 1241 (1975).

4. *Carson Meadows, Inc. v. Pease*, 91 Nev. 187, 533 P.2d 458 (1975).

5. *DeVas v. Noble*, 13 Utah 2d 133, 369 P.2d 290 (1962); *Selby v. Karman*, 20 Ariz.App. 206, 511 P.2d 650 (1973).

6. *Yokochi v. Yoshimoto*, 44 Haw. 297, 353 P.2d 820 (1960); *Rauser v. Toston Irr. Dist.*, Mont., 565 P.2d 632 (1977).

7. See *Shew v. Coon Bay Loafers, Inc.*, 76 Wash.2d 40, 455 P.2d 359 (1969); *Stephan v. Equitable Savings and Loan Ass'n*, 268 Or. 544, 522 P.2d 478 (1974); *Wolff v. Arctic Bowl, Inc.*, Alaska, 560 P.2d 758 (1977).

8. See *Moore v. Prudential Ins. Co.*, 26 Utah 2d 430, 491 P.2d 227 (1971) and authorities therein cited.