[Cite as *BAC Home Loans Servicing, L.P. v. Devoll*, 2011-Ohio-6607.]

COURT OF APPEALS
DELAWARE COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  |  |
|---|---|---|
| | : | JUDGES: |
| BAC HOME LOANS SERVICING, | : | W. Scott Gwin, P.J. |
| L.P. | : | John W. Wise, J. |
| | : | Julie A. Edwards, J. |
| Plaintiff-Appellee | : | |
| | : | Case No. 11CAE080075 |
| -vs- | : | |
| | : | |
| | : | O P I N I O N |
| DOUGLAS DEVOLL, et al., | | |
| | | |
| Defendants-Appellants | | |


CHARACTER OF PROCEEDING:          Civil Appeal from Delaware County
                                  Court of Common Pleas Case No.
                                  10CVE01559

JUDGMENT:                         Affirmed

DATE OF JUDGMENT ENTRY:           December 19, 2011

APPEARANCES:

For Plaintiff-Appellee                For Defendant-Appellant

AMELIA A. BOWER, ESQ.                 STEVEN E. HILLMAN, ESQ.
300 E. Broad Street, Suite 590        425 Metro Place North, Suite 460
Columbus, Ohio  43215`                Dublin, Ohio  43017

*Edwards, J.*

{¶1} Appellant, Desiree Devoll, appeals a judgment of the Delaware County Common Pleas Court entering summary judgment in favor of appellee BAC Home Loans Services on a claim for foreclosure.

## STATEMENT OF FACTS AND CASE

{¶2} Appellant and her ex-husband, Douglas Devoll, own property located at 5802 Honors Court, in Westerville, Ohio, which they purchased in 2002. On March 10, 2005, Douglas Devoll executed a note in the amount of $244,500.00 to refinance this property. The same day, he and appellant signed a mortgage and fixed rate rider with Mortgage Electronic Registration Systems, Inc. (MERS) as the lender. In 2007, MERS assigned the mortgage to Countrywide Home Loans, which then assigned the mortgage to appellee on June 2, 2009.

{¶3} The Devolls were divorced on August 5, 2008. As part of the decree, they agreed that they would both retain ownership of the property, which would be sold when their youngest child turned eighteen. The mortgage went into default in January of 2009.

{¶4} Appellee filed a foreclosure action in May, 2009 (Case No. 09 CV E 05 0661). Appellant filed an answer and a counterclaim, alleging that her one-half interest in the property was not subject to the mortgage. On August 26, 2009, the court granted appellee a default judgment against Douglas Devoll but denied appellee's motion for default judgment as to appellant, setting the matter for bench trial. On December 29, 2009, the court found that appellee was not the real party in interest and did not have

standing to bring the action, dismissing the case without prejudice. The court dismissed appellant's counterclaim without prejudice on January 14, 2010.

{¶5} Appellee filed the instant complaint in foreclosure on April 8, 2010. Appellant answered and filed a counterclaim, alleging that appellee had no claim on her one-half interest in the property. Appellee filed a motion for extension of time to respond to the counterclaim on May 10, 2010. Appellee was given until June 23, 2010 to reply. Appellee failed to file an answer to the counterclaim and on August 6, 2010, appellee filed a motion to reply instanter. The trial court set the motion for a hearing on September 13, 2010. On September 16, 2010, the court entered judgment permitting appellee to respond to appellant's counterclaim within 14 days and giving appellee 30 days to file a motion for summary judgment.

{¶6} On July 12, 2011, the court overruled appellant's motion for default judgment on her counterclaim and granted appellee's motion for summary judgment. A decree of foreclosure was entered on July 28, 2011. Appellant assigns three errors on appeal:

{¶7} "I. THE TRIAL COURT ERRED WHEN APPLYING THE LAW TO THE UNDISPUTED MATERIAL FACTS AND PLAINTIFF/APPELLEE'S SUMMARY JUDGMENT BECOMES INAPPROPRIATE AND MUST BE DENIED.

{¶8} "II. THE TRIAL COURT ERRED BY FINDING THAT RES JUDICATA AND/OR COLLATERAL ESTOPPEL DID NOT APPLY.

{¶9} "III. THE TRIAL COURT ERRED IN BY (SIC) DENYING THE DEFENDANT/APPELLANT'S MOTION FOR DEFAULT JUDGMENT AGAINST THE PLAINTIFF-APPELLEE AND BY DOING SO HAS DENIED THE

DEFENDANT/APPELLANT EQUAL PROTECTION UNDER THE LAW VIOLATING HER CONSTITUTIONAL RIGHTS."

I, II

{¶10} In her first and second assignments of error, appellant argues that the court erred in granting appellee's motion for summary judgment because the instant action is barred by res judicata and collateral estoppel.

{¶11} Summary judgment proceedings present the appellate court with the unique opportunity of reviewing the evidence in the same manner as the trial court. *Smiddy v. The Wedding Party, Inc.* (1987), 30 Ohio St.3d 35, 36.  As such, we must refer to Civ. R. 56(C) which provides in pertinent part:  "Summary Judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. No evidence or stipulation may be considered except as stated in this rule. A summary judgment shall not be rendered unless it appears from the evidence or stipulation, and only from the evidence or stipulation, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence or stipulation construed most strongly in the party's favor."

{¶12} Pursuant to the above rule, a trial court may not enter summary judgment if it appears a material fact is genuinely disputed.  The party moving for summary judgment bears the initial burden of informing the trial court of the basis for its motion

and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact. The moving party may not make a conclusory assertion that the non-moving party has no evidence to prove its case. The moving party must specifically point to some evidence which demonstrates that the moving party cannot support its claim. If the moving party satisfies this requirement, the burden shifts to the non-moving party to set forth specific facts demonstrating that there is a genuine issue of material fact for trial. *Vahila v. Hall*, 77 Ohio St.3d 421, 429, 1997-Ohio-259, citing *Dresher v. Burt*, 75 Ohio St.3d 280, 1996-Ohio-107.

{¶13} Appellant argues that the dismissal of the first foreclosure action (Case No. 09 CV E 05 0661) bars the instant action.

{¶14} The doctrine of res judicata has two aspects: claim preclusion and issue preclusion. *Grava v. Parkman Twp.*, 73 Ohio St.3d 379, 653 N.E.2d 226, 1995-Ohio-331. Claim preclusion holds that a valid, final judgment on the merits bars all subsequent actions based upon any claim arising out of the transaction or occurrence that was the subject matter of the previous action. *Id.* at syllabus. Issue preclusion, also known as collateral estoppel, provides that "a fact or a point that was actually and directly at issue in a previous action, and was passed upon and determined by a court of competent jurisdiction, may not be drawn into question in a subsequent action between the same parties or their privies, whether the cause of action in the two actions be identical or different." *Ft. Frye Teachers Assn. v. State Emp. Relations Bd.,* 81 Ohio St.3d 392, 395, 1998–Ohio–435. While claim preclusion precludes relitigation of the same cause of action, issue preclusion precludes relitigation of an issue that has been

actually and necessarily litigated and determined in a prior action. *Id.,* citing *Whitehead v. Gen. Tel. Co.* (1969), 20 Ohio St.2d 108, 112.

{¶15} In Case No. CV E 05 0661, the trial court found that appellee had not demonstrated that it was the real party in interest at the time the foreclosure was filed and dismissed the complaint without prejudice.

{¶16} The Ohio Supreme Court has held that a dismissal for lack of jurisdiction on the basis that one of the parties is not the real party in interest does not bar a later action on the grounds of res judicata:

{¶17} "In general, the dismissal of an action because one of the parties is not a real party in interest or does not have standing is not a dismissal on the merits for purposes of res judicata. See, e.g., *Stewart v. K & S Co., Inc.* (Utah 1979), 591 P.2d 433, 434 ("the dismissal of an action because one of the parties is not the real party in interest is not a dismissal on the merits so as to bar a subsequent action"); 18A Wright, Miller & Cooper, Federal Practice and Procedure (2002) 189, Section 4438 ("Dismissal on the ground that the plaintiff is not the real party in interest should not preclude a later action by the real party in interest"); *A-1 Nursing Care of Cleveland, Inc. v. Florence Nightingale Nursing, Inc.* (1994), 97 Ohio App.3d 623, 627, 647 N.E.2d 222 (dismissal for lack of standing "terminates the action other than on the merits and affords proper parties the opportunity to refile without fear of the effects of *res judicata* "); *Asher v. Cincinnati* (Dec. 23, 1999), Hamilton App. No. C-990345, 2000 WL 955617 (dismissal for lack of standing is not on the merits for purposes of res judicata)." *State ex rel. Coles v. Granville* (2007), 116 Ohio St.3d 231, 241, 877 N.E.2d 968, 977.

**{¶18}** Thus, the prior dismissal did not bar the instant action on the grounds of res judicata. Further, we find the action is not barred by collateral estoppel. Although the question of whether appellee was the real party in interest was litigated in the prior case between the parties, such finding was based on the position of appellee at that specific point in time:

**{¶19}** "The Plaintiff has failed to establish that it was the real party in interest at the time it filed suit in this foreclosure action. Therefore, the Plaintiff did not have standing to bring this action. Accordingly, the Court hereby DENIES the Plaintiff's Motion for Summary Judgment and DISMISSES the Plaintiff's complaint, without prejudice." Judgment Entry, December 29, 2009, Case No. 09 CV E 05 0661.

**{¶20}** The trial court based this finding on the fact that the complaint was filed in that action on May 20, 2009, while the mortgage was not assigned to appellee from Countrywide until June 2, 2009.

**{¶21}** Therefore, the issue that was litigated between the parties was whether appellee was the real party in interest on May 20, 2009, when the first complaint was filed, not whether appellee was the real party in interest on the date the complaint in the instant action was filed. Accordingly, the instant action is not barred by collateral estoppel.

**{¶22}** The first assignment of error is overruled.

III

**{¶23}** Appellant argues that the court erred in allowing appellee to file a response to her counterclaim instanter, and therefore default judgment should have been entered in her favor on the counterclaim.

**{¶24}** Civ. R. 6(B)(2) governs the court's discretion to allow a party to file a reply instanter:

**{¶25}** "When by these rules or by a notice given thereunder or by order of court an act is required or allowed to be done at or within a specified time, the court for cause shown may at any time in its discretion (1) with or without motion or notice order the period enlarged if request therefor (sic) is made before the expiration of the period originally prescribed or as extended by a previous order, or (2) upon motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect; but it may not extend the time for taking any action under Rule 50(B), Rule 59(B), Rule 59(D), and Rule 60(B), except to the extent and under the conditions stated in them."

**{¶26}** In the instant case, appellee stated in its August 6, 2010, motion to reply to the counterclaim instanter that appellee was working with counsel from the title company to investigate appellant's claim of fraud. Appellant argues that this is not excusable neglect.

**{¶27}** On August 24, 2010, the court scheduled a hearing for September 13, 2010, on appellee's motion to reply to appellant's counterclaim instanter and appellant's motion for default judgment. In the court's judgment allowing appellee to file the reply instanter, the court notes that the matter came on for status conference on September 13, 2010. Appellant did not request a transcript of this hearing, and thus we do not know what evidence or representations appellee presented to the court concerning the issue of excusable neglect. When portions of the transcript necessary for resolution of assigned errors are omitted from the record, the reviewing court has nothing to pass

upon and thus, as to those assigned errors, must presume validity of the lower court's proceedings and affirm.  *Knapp v. Edwards Laboratories* (1980), 61 Ohio St.2d 197, 400 N.E.2d 384.

{¶28}  The third assignment of error is overruled.

{¶29}  The judgment of the Delaware County Common Pleas Court is affirmed.

By: Edwards, J.

Gwin, P.J. and

Wise, J. concur

_____

_____

_____

JUDGES

JAE/r1025

[Cite as *BAC Home Loans Servicing, L.P. v. Devoll*, 2011-Ohio-6607.]

IN THE COURT OF APPEALS FOR DELAWARE COUNTY, OHIO

FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| BAC HOME LOANS SERVICING, LP | : | |
| | : | |
| Plaintiff-Appellee | : | |
| | : | |
| | : | |
| -vs- | : | JUDGMENT ENTRY |
| | : | |
| DOUGLAS DEVOLL, et al., | : | |
| | : | |
| Defendants-Appellants | : | CASE NO. 11CAE080075 |

For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Delaware County Court of Common Pleas is affirmed. Costs assessed to appellants.

_____

_____

_____

JUDGES