521 P.2d 609

Carl W. SELBY, Appellant,

v.

Howard H. KARMAN and Geraldine Kar-
man, his wife, Appellees.

No. 11295–PR.

Supreme Court of Arizona,
In Banc.

April 18, 1974.

Otto H. Linsenmeyer and Frank E.
Dickey, Jr., Phoenix, for appellant.

Browder & Gillenwater by Powell B.
Gillenwater and Robert W. Browder,
Phoenix, for appellees.

HOLOHAN, Justice.

On September 21, 1971 appellant Selby
filed a tort action against appellees arising
out of an occurrence on September 3, 1969.
The superior court granted the motion of
appellees for summary judgment and dis-
missed the action. The Court of Appeals
affirmed the decision of the superior court,
Selby v. Karman, 20 Ariz.App. 206, 511 P.
2d 650 (1973). This Court granted the pe-
tition of appellant for review. The opin-
ion of the Court of Appeals is vacated.

The sole question presented by this ap-
peal is whether the statute of limitations
barred the claim of appellant.

Appellant concedes that the action was filed some two years and 18 days after the cause of action accrued which would be a bar to the action under A.R.S. § 12–542 providing that such actions must be brought within two years of the occurrence. Appellant contends that the statute was tolled for 52 days by reason of the several absences of the appellees from the state during the period. Appellant maintains that the action was filed timely if the 52 days is deducted from the total time between the accrual of the claim and the filing of the action.

A.R.S. § 12–501 provides:

"When a person against whom there is a cause of action is without the state at the time the cause of action accrues or at any time during which the action might have been maintained, such action may be brought against the person after his return to the state. The time of such person's absence shall not be counted or taken as a part of the time limited by the provisions of this chapter."

There is no question that the appellees were residents of Pinal County, Arizona for some considerable period, and there is nothing in the record which indicates that they couldn't have been personally served with process during the two-year period with the possible exception of the periods when they were out of state on vacation or business—a total of 52 days.

It is the contention of appellant that the temporary absences from the state by a resident are not counted as a part of the time limitation within which an action must be brought. In support of his position he refers us to Connor v. Timothy, 43 Ariz. 517, 33 P.2d 293 (1934) and Western Coal & Min. Co. v. Hilvert, 63 Ariz. 171, 160 P.2d 331 (1945). In the *Connor* case the Court held that a temporary absence from the state tolled the statute of limitation for such period. The Court in *Western Coal* approved the *Connor* case and extended the rule so that successive absences might be aggregated to toll the statute of

limitation for the total time involved in the absences.

"We here and now unequivocally hold that successive absences may be aggregated and toll the statute to the extent of their total." 63 Ariz. at 186, 160 P.2d at 338.

The Court in *Western Coal* specifically rejected the argument that a resident should not be considered for the purposes of the tolling statute if he could have been served notwithstanding his absence.

Approximately 20 years after the *Western Coal* case, this Court in Phillips v. Anchor Hocking Glass Corporation, 100 Ariz. 251, 413 P.2d 732 (1966) held that terms "without the state" and "absent" as used in A.R.S. § 12–501 meant that a defendant must be out of the state "in the sense that it could not be served with process." The holding in *Phillips* was followed in Hawkinson Tire Co. v. Paul E. Hawkinson Co., 13 Ariz.App. 343, 476 P.2d 864 (1970) affirmed in 107 Ariz. 255, 485 P.2d 825 (1971).

According to the rule announced in *Phillips* and followed in *Hawkinson Tire Co.*, a nonresident defendant is not "without the state" or "absent" within the meaning of A.R.S. § 12–501 if the defendant can be served with process for in personam jurisdiction; on the other hand the rule stated in *Western Coal* is that a resident is absent within the meaning of A.R.S. § 12–501 during temporary absences even if he could be served with process and in personam jurisdiction obtained. The decisions are in conflict in the proper construction of the terms of A.R.S. § 12–501.

The appellant argues that service of process should not be considered in determining the meaning of the terms in A.R.S. § 12–501. He points out that the filing of the complaint stops the running of the statute of limitation, not the service of the complaint. This, of course, has long been the rule in Arizona. Gideon v. St. Charles, 16 Ariz. 435, 146 P. 925 (1915). After the filing of the complaint the plaintiff has

one year within which to serve the complaint. Gideon v. St. Charles, *supra*. Rule 6(f) Rules of Civil Procedure, 16 A.R.S. Appellant, however, overlooks the purpose for tolling statutes in the first place, and the clear purpose for such statutes is to prevent a defendant from defeating plaintiff's claim by merely absenting himself from the state. 51 Am.Jur.2d Limitation of Actions § 161 at 731; Summerrise v. Stephens, 75 Wash.2d 808, 454 P.2d 224 (1969); Benally v. Pigman, 78 N.M. 189, 429· P.2d 648 (1967). Statutes and rules which provide for easier service of process on defendants to obtain personal jurisdiction have an impact on the underlying purpose for the tolling statute. A literal interpretation of the provisions of the tolling statute may, not only defeat its purpose, but also defeat the purpose of the statute of limitation—that actions be commenced within that period of time determined by the legislature to be reasonable.

 We believe the rule announced in Phillips v. Anchor Hocking Glass Corp., *supra,* to be more in harmony with the purpose and intent of the statutes, and we, therefore, hold that the terms "without the state" and "absence" as used in A.R.S. § 12–501 mean out of the state in the sense that service of process in any of the methods authorized by rule or statute cannot be made upon the defendant to secure personal jurisdiction by the trial court.

In the case at issue the record is clear that the appellees were residents of the county before the accrual of the cause of action; continued to reside within the county thereafter; continued a professional practice in the area, and the only periods of absence from the state were the business trips and vacations referred to in the answers to interrogatories. The appellant has failed to show any reason why the appellees could not have been served with process in any of the applicable methods provided in Rule 4(d) or (e) Rules of Civil Procedure. With the matters of record presented to the trial court by the motion for summary judgment, the trial judge properly granted the motion and dismissed the action because it was barred by the statute of limitations.

Judgment affirmed.

HAYS, C. J., CAMERON, V. C. J., and STRUCKMEYER and LOCKWOOD, JJ., concur.