564 P.2d 916

Fernando A. PINA, Appellant,

v.

Frank W. WATSON and Nancy Watson, husband and wife, Appellees.

No. 2 CA–CIV 2257.

Court of Appeals of Arizona, Division 2.

Feb. 16, 1977.

Rehearing Denied March 29, 1977.

Review Denied April 19, 1977.

Miller, Pitt & Feldman, P. C. by Richard L. McAnally, Tucson, for appellant.

Slutes, Browning, Zlaket & Sakrison, P. C. by D. Thompson Slutes, Tucson, for appellees.

## OPINION

HOWARD, Chief Judge.

Appellant (plaintiff below) appeals an order granting appellees' motion for summary judgment on the ground that appellant's suit was barred by the statute of limitations.

The facts show that on December 7, 1973, appellant's car was struck from the rear by a car driven by appellee Nancy Watson. On December 10, 1975, two days after the two-year statute of limitations had run,[1] appellant filed suit for damages suffered in the accident. Depositions taken on February 2, 1976, revealed that on two occasions during the limitations period both appellees were outside the state.

On March 2, 1976, appellees filed a motion for summary judgment alleging that the suit was barred by the statute of limitations. Appellant responded to the motion asserting that the suit was not barred, because under A.R.S. § 12–501 appellees' absences tolled the statute for at least two days. Additionally, appellant alleged that he was misled into delaying the filing of his complaint. The trial court granted summary judgment in favor of appellees with respect to the running of the statute of limitations. The court, however, denied summary judgment as to the allegation that appellant was misled into delaying suit and

ordered that a hearing be held on the matter. Appellant took this appeal from the granting of summary judgment, contending that under a proper interpretation of A.R.S. § 12–501 and *Selby v. Karman*, 110 Ariz. 522, 521 P.2d 609 (1974), the statute of limitations would be tolled for the necessary two days.

In *Selby v. Karman,* supra, suit was filed 18 days after the two-year statute of limitations had run. The defendants in that case, as here, were residents at the time the cause of action arose, they continued to reside in the state during the limitations period and they continued a professional practice in the area. The plaintiff argued, however, that the statute of limitations should be tolled where it was shown that the defendants left the state on several different occasions for a total of 52 days. Our Supreme Court rejected the plaintiff's interpretation of the tolling statute and defined the words "without the state" and "absence" as used in A.R.S. § 12–501 to mean:

". . . out of the state in the sense that service of process in any of the methods authorized by rule or statute cannot be made upon the defendant to secure personal jurisdiction by the trial court." 110 Ariz. at 524, 521 P.2d at 611.

The court noted that the plaintiff had failed to show any reason why the defendants could not have been served with process in any of the applicable methods provided in Rule 4(d) or (e), Rules of Civil Procedure, and held the suit was barred by the statute of limitations.

Appellant argues that unlike the plaintiff in *Selby*, he has made a showing that appellees could not be served with process for at least two days when they were out of the state. To establish that service was impossible, appellant relies on appellees' depositions.

According to appellees' testimony, during the two one-week periods in which they were on vacation outside the state, they

---

1. The statute of limitations normally would have run on December 7, 1975, but since this date fell on a Sunday, the statute actually ran on December 8, 1975.

arranged for either their daughter or a neighbor to bring in mail and feed the dogs but no one resided at their home. Appellant thus argues that service of process under Rule 4(d) was impossible during that time.

Appellant also contends that for at least two days during these absences, service of process was impossible under Rule 4(e)(2) because appellees' whereabouts were unknown. Appellant first points to appellees' testimony regarding a week's vacation spent in California in July, 1974. Appellees stated that they made reservations at a San Diego motel before leaving Tucson and that their daughter thus knew where they would be staying while in San Diego. Appellees' ultimate destination was Santa Maria where they were to stay with relatives; however, en route to Santa Maria they spent at least one night in a Long Beach motel. From this, appellant argues that there were at least two days between appellees' departure from San Diego and their arrival in Santa Maria when their whereabouts would have been impossible to discover for the purpose of serving process under Rule 4(e)(2).

The deposition testimony also indicates that appellees left the state again in the summer of 1975. Nancy Watson went on a South American tour while Frank Watson spent a week in Kansas City. Appellant does not contend that Frank Watson was not amenable to process while in Kansas City, but rather points to two 18-hour periods when Watson was in transit to and from Kansas City. Appellant argues that since Watson drove continuously and did not stop at a motel to rest, it would have been impossible to serve process under Rule 4(e)(2), and the statute of limitations should be tolled for at least the out-of-state portion of those 18-hour periods.

Appellant thus concludes that when the two 18-hour periods and the time period between San Diego and Santa Maria are aggregated, as allowed by *Western Coal & Mining Co. v. Hilvert,* 63 Ariz. 171, 160 P.2d 331 (1945), he has established three days during which the statute of limitations was tolled and which "provide more than ample enough time for the complaint to be timely filed."

We disagree with appellant's interpretation and application of *Selby v. Karman,* supra. It stretches a literal reading of the case—and logic—too far to say that a defendant is absent from the state unless he is amenable to process every hour of every day. We do not believe our Supreme Court intended that "absence" and "without the state" be defined in terms of that kind of *absolute* continuous availability for service of process, for to allow a plaintiff to aggregate hours during periods of absence would create a virtually undefined limitations period which would be unfair to the defendant and procedurally unmanageable.

We conclude that in order to toll the statute of limitations, a plaintiff at a minimum must be able to show whole days when the defendant could not be served with process. Where a defendant could have been located with reasonable diligence on any part of a day, he is not "absent" or "without the state" within the meaning of the tolling statute and *Selby.*

Applying these principles to the facts of this case as viewed most favorably to appellant, we must discard the two 18-hour periods when Frank Watson was in transit to Kansas City. As to the California trip, assuming appellees spent one night in Long Beach and could not have been located after departing San Diego until their arrival in Santa Maria,[2] appellant nevertheless has failed to establish two days when service under Rule 4(e)(2) was impossible since appellees could have been located in San Diego the day they left for Long Beach and in Santa Maria the next day. Even assuming appellees spent two nights in Long Beach, at most appellant would have shown one full day when process could not have been served.

2. We note that the depositions seem to indicate that appellant with reasonable diligence might have located appellees in Long Beach through their Santa Maria relatives.

■ We find that appellant has failed to establish that the statute of limitations should be tolled for the necessary two days and therefore hold the action was not timely filed. To hold otherwise when appellees could have been served during most of the periods of absence and substantially all of the two-year limitations period would not further the tolling statute's purpose of preventing a defendant from defeating a claim by merely leaving the jurisdiction, but would only frustrate the purpose of the statute of limitations—compelling actions to be brought within that period of time determined by the legislature to be reasonable. See *Selby v. Karman*, supra.

Affirmed.

HATHAWAY and RICHMOND, JJ., concur.