724 P.2d 38

Irene O. Holland MONROE, wife of D. Calvin Monroe, a married woman, dealing with her sole and separate property, Plaintiff/Appellant,

v.

Cindy K. Browning WOOD, wife of Michael Wood, formerly Cindy K. Browning, and Michael Wood, Defendants/Appellees.

No. 1 CA–CIV 7549.

Court of Appeals of Arizona, Division 1.

July 18, 1985.

---

Vincent E. Odgers, Tucson and John A. Preston, Prescott, for plaintiff/appellant.

Toci, Murphy & Beck by Michael R. Murphy, Prescott, for defendants/appellees.

## OPINION

BIRDSALL, Presiding Judge.

This personal injury action was dismissed because the trial court held that it was barred by the statute of limitations. That ruling is the only issue in this appeal.

There is no disagreement over the facts. On July 24, 1974, the plaintiff/appellant Irene O. Holland Monroe was injured as a result of an automobile-pedestrian accident in Durango, Colorado, alleged to have been caused by the negligence of defendant/appellee Cindy K. Browning Wood. On August 30, 1978, suit was filed in Colorado, but the appellee was never served. Service was attempted, but the sheriff's process server advised that the appellee then resided in Lakeside, Arizona. Actually, the appellee had moved to New Mexico in September 1976, and from New Mexico to Arizona in June 1978.

The appellant abandoned her Colorado action and, on September 22, 1978, filed her complaint in Pima County, Arizona. Personal service was accomplished and the appellee moved for change of venue to Yavapai County where she now resides. That motion was granted. Subsequently the superior court in Yavapai County dismissed the complaint.

The parties also agree that the three states had the following statutes of limitation for a personal injury action: Colorado, six years, C.S.R. 13–80–110 (1973); New Mexico, three years, N.M.S.A. § 37–1–8; Arizona, two years, A.R.S. § 12–542. They also agree that Colorado had an applicable "long arm" statute, C.R.S. 13–1–124, which would have permitted the appellant to have secured personal jurisdiction over the appellee in Colorado by service outside the state.

It is well established that statutes of limitation are controlled by the law of the forum. *Scudder v. Union National Bank of Chicago*, 91 U.S. (1 Otto) 406, 23 L.Ed. 245 (1875); *Santana v. Holiday Inns, Inc.*, 686 F.2d 736 (9th Cir.1982) (applying Arizona law); *Ross v. Ross*, 96 Ariz. 249, 393 P.2d 933 (1964); *State of Michigan v. First National Bank of Arizona*, 17 Ariz.App. 45, 495 P.2d 485 (1972).

The appellant does not disagree, but rather argues that A.R.S. § 12–507 allows her to maintain this action because the appellee had not resided in Arizona for "one year" prior to being served. A.R.S. § 12–507 provides as follows:

"No demand against a person who removes to this state, incurred prior to his removal, shall be barred by the statute of limitation until he has resided in this state one year, unless barred at the time of his removal to this state by the laws of the state or country from which he migrated."

Therefore the question becomes, in applying this Arizona statute, do we look to the law of New Mexico as the state from which the appellee migrated, or to the law of Colorado? It is at this point that the parties disagree.

It is the appellant's position that the event occurred in Colorado and the six-year Colorado statute had not run when the Arizona action was commenced. She contends that the appellee's residence in New Mexico does not affect this result for several reasons. She contends that it is sufficient that suit was commenced in Arizona well within one year of the appellee's residence here. She additionally emphasizes that when the Arizona suit was commenced, the statute in Colorado had not run. Six years from the date of the acci-

dent, July 24, 1974, is July 24, 1980. The Arizona suit was commenced in September 1978.

We affirm and we will consider each of these contentions.

It is not sufficient to toll the Arizona statute that the suit was brought within the first year of residence here. The appellant's reliance on *Western Coal & Mining Co. v. Hilvert*, 63 Ariz. 171, 160 P.2d 331 (1945) is misplaced. The relevant section of that opinion dealt with then-Section 29–301 of the 1939 code (now § 12–501). That section then and now provides:

> "When a person against whom there is a cause of action is without the state at the time the cause of action accrues or at any time during which the action might have been maintained, such action may be brought against the person after his return to the state. The time of such person's absence shall not be counted or taken as a part of the time limited by the provisions of this chapter."

*Western Coal* interpreted this statute to mean that absences without the state included not only absences of resident defendants but also nonresident. Thus, if *Western Coal* were still Arizona law, the Arizona statute was tolled until the appellee became an Arizona resident. However, *Western Coal* was decided long before the advent of long-arm statute such as Colorado's and Arizona's. Rule 4(e)(2), Rules of Civil Procedure, 16 A.R.S. *Western Coal's* interpretation of A.R.S. § 12–501 insofar as it applied to a non-resident who could be served pursuant to a long-arm statute was effectively overruled by our supreme court in *Selby v. Karman*, 110 Ariz. 522, 521 P.2d 609 (1974). There the court said at 110 Ariz. 523, 521 P.2d 609:

> "The Court in *Western Coal* specifically rejected the argument that a resident should not be considered for the purposes of the tolling statute if he could have been served notwithstanding his absence.
>
> Approximately 20 years after the *Western Coal* case, this court in *Phillips v. Anchor Hocking Glass Corporation*,

100 Ariz. 251, 413 P.2d 732 (1966) held that terms 'without the state' and 'absent' as used in A.R.S. § 12–501 meant that a defendant must be out of the state 'in the sense that it could not be served with process.' The holding in *Phillips* was followed in *Hawkinson Tire Co. v. Paul E. Hawkinson Co.*, 13 Ariz.App. 343, 476 P.2d 864 (1970) affirmed in 107 Ariz. 255, 485 P.2d 825 (1971).

According to the rule announced in *Phillips* and followed in *Hawkinson Tire Co.*, a nonresident defendant is not 'without the state' or 'absent' within the meaning of A.R.S. § 12–501 if the defendant can be served with process for in personam jurisdiction; on the other hand the rule stated in *Western Coal* is that a resident is absent within the meaning of A.R.S. § 12–501 during temporary absences even if he could be served with process and in personam jurisdiction obtained. The decisions are in conflict in the proper construction of the terms of A.R.S. § 12–501.

The appellant argues that service of process should not be considered in determining the meaning of the terms in A.R.S. § 12–501. He points out that the filing of the complaint stops the running of the statute of limitation, not the service of the complaint. This, of course, has long been the rule in Arizona. *Gideon v. St. Charles*, 16 Ariz. 435, 146 P. 925 (1915). After the filing of the complaint the plaintiff has one year within which to serve the complaint. *Gideon v. St. Charles*, supra. Rule 6(f) Rules of Civil Procedure, 16 A.R.S. Appellant, however, overlooks the purpose for tolling statutes in the first place, and the clear purpose for such statutes is to prevent a defendant from defeating plaintiff's claim by merely absenting himself from the state. 51 Am.Jur.2d Limitation of Actions § 161 at 731; *Summerrise v. Stephens*, 75 Wash.2d 808, 454 P.2d 224 (1969); *Benally v. Pigman*, 78 N.M. 189, 429 P.2d 648 (1967). Statutes and rules which provide for easier service of process on defendants to obtain personal

jurisdiction have an impact on the underlying purpose for the tolling statute. A literal interpretation of the provisions of the tolling statute may, not only defeat its purpose, but also defeat the purpose of the statute of limitation—that actions be commenced within that period of time determined by the legislature to be reasonable.

We believe the rule announced in *Phillips v. Anchor Hocking Glass Corp.*, supra, to be more in harmony with the purpose and intent of the statutes, and we, therefore, hold that the terms 'without the state' and 'absence' as used in A.R.S. § 12–501 mean out of the state in the sense that service of process in any of the methods authorized by rule or statute cannot be made upon the defendant to secure personal jurisdiction by the trial court."

Thus, in the instant case, the appellee could have been served with process for the Colorado action under C.R.S. 13–1–124, which provides, in part:

"Jurisdiction of courts. (1) Engaging in any act enumerated in this section by any person, whether or not a resident of the state of Colorado, either in person or by an agent, submits such person, and, if a natural person his person representative to the jurisdiction of the courts of this state concerning any cause of action arising from:

\* \* \* \* \* \*

(b) the commission of a tortious act within this state;"

C.R.S. 13–1–125 further provides, in part: "Service of process. (1) Service of process upon any person subject to the jurisdiction of the courts of Colorado may be made by personally serving the summons upon the defendant outside this state, in the manner prescribed by the Colorado rules of civil procedure, with the same force and effect as if the summons had been personally served within this state."

The appellant contends that since the statute had not expired in Colorado when suit was filed in Arizona, A.R.S. § 12–507 makes the action viable in Arizona. This ignores the language of the statute. The appellee did not migrate to Arizona from Colorado; she migrated from New Mexico. Therefore, it is the laws of New Mexico, not Colorado, to which we must look to determine whether the action was barred when she moved here in June 1978. As we have noted, N.M.S.A. § 37–1–8 provides:

"Actions must be brought ... for an injury to the person or reputation of any person, within three years."

New Mexico does not have a statute similar to A.R.S. § 12–507, thus the New Mexico three-year statute commenced to run on the date of the event, July 1974, and the Arizona filing in September 1978 was beyond the three years. The appellant is not entitled to the one year provided in A.R.S. § 12–507 since the action was barred in New Mexico, the state from which appellee migrated.

The appellant's reliance on *In Re Goldsworthy's Estate,* 45 N.M. 406, 115 P.2d 627 (1941) is misplaced. Later judicial opinions in New Mexico contain the same legal reasoning as *Selby v. Karman,* supra. See *Benally v. Pigman,* 78 N.M. 189, 429 P.2d 648 (1967) and *Kennedy v. Lynch,* 85 N.M. 479, 513 P.2d 1261 (1973). In *Benally,* the New Mexico court said, in response to a contention that the statute was tolled during a defendant's absence from the state:

"The majority rule and better-reasoned cases on this subject hold that the tolling statute should not be applied if a defendant could be served with process, either actual or substituted, in which event a defendant's absence from the state does not toll the running of the Statute of Limitations. [citations omitted]

. . . . .

It is obvious that the purpose of the tolling statute was to prevent injustice by stopping the operation of the Statute of Limitations where there could be no service of process. Where there may be service, however, as under the 'long-arm' statute, the tolling statute simply does not apply." 429 P.2d at 650–51.

With regard to the appellant's final argument, that we should look to the impact state, Colorado, rather than the interim state, New Mexico, to determine whether the claim was barred for purposes of tacking on the year allowed under § 12–507, that is just not what the statute says. The language is clear and unambiguous, "unless barred at the time of his removal to this state by the laws of the state ... from which he migrated."

The trial court was correct in dismissing the complaint.

Affirmed.

FERNANDEZ and LIVERMORE, JJ., concur.*