710 P.2d 466

**Walter L. GOODWIN, III and Molly Goodwin, husband and wife, Cross-claimants/Appellees,**

v.

**Richard F. HEWLETT, Cross-defendant/Appellant.**

**No. 1 CA–CIV 7597.**

Court of Appeals of Arizona, Division 1.

Filed July 30, 1985.

Motion for Reconsideration Denied Oct. 10, 1985.

Duckworth & Boyle, Ltd. by Francis A.F. Duckworth, Scottsdale, for cross-claimants/appellees.

Martinez & Curtis by William P. Sullivan, Phoenix, for cross-defendant/appellant.

## OPINION

FERNANDEZ, Judge.

Appellee/cross-claimant Walter Goodwin was granted a money judgment on a cross-claim against appellant/cross-defendant Richard F. Hewlett and several other parties on May 24, 1972, in Maricopa County case no. C 243015. On May 17, 1972, an order was entered granting Goodwin another judgment against Hewlett pursuant to stipulation in Maricopa County case no. C 243018. Hewlett was not named in the second judgment filed on June 9, 1972, although there was a statement that judgment had been previously entered against Hewlett, and a nunc pro tunc judgment was signed July 2, 1975, which named him.

Goodwin claims he was unable to locate Hewlett or his assets until "a couple of months" prior to August 30, 1983, when he discovered a New York partnership interest of Hewlett. In order to execute on that partnership interest, he filed motions to revive the dormant judgments. Hewlett responded with an affidavit stating he has been absent from Arizona since February 1980. The affidavit of his ex-wife, Mary Hewlett, states that Hewlett left the state in 1977.

The trial court ruled that an evidentiary hearing was necessary in C 243015 to determine the exact dates and extent of Hewlett's absence from the state. The factual issues in C 243015 are not part of this appeal.

In case C 243018 the court ruled that July 2, 1975, the date the judgment nunc pro tunc was entered, was when time for execution on the judgment began to run. The court also ruled that, pursuant to A.R.S. § 12–501, the judgment became dormant in February 1980, the date Hewlett ceased to be a resident of the state, thereby tolling the five-year renewal period of A.R.S. §§ 12–1611 and 1612 before it had run. The court then revived the judgment in C 243018. This appeal then followed.

The appellant contends that

1) the court has no jurisdiction to renew a judgment if it has not been renewed pursuant to statute within five years after its entry,

2) the judgment debtor's residence in another state subsequent to the entry of judgment does not extend the time for renewal, and

3) the court erred in holding that the five-year period began to run from the entry of the nunc pro tunc judgment rather than from the entry of the original judgment.

We hold that the tolling statute does not apply to renewal of judgments and reverse.

In Arizona, judgments may be renewed by either of the following two methods:

1) A.R.S. § 12–1611 provides that:

"A judgment may be renewed by action thereon at any time within five years after the date of judgment."

2) A.R.S. § 12–1612 provides that a judgment may be renewed by the filing of an affidavit within the ninety-day period preceding the expiration of five years from the date of entry of the judgment and details the information that must be set out in the affidavit.

A.R.S. § 12–1551(B) provides:

"No execution or other process shall be issued upon a judgment after the expiration of five years from the date of its entry unless the judgment is renewed by affidavit or process pursuant to § 12–1612 or an action is brought thereon within five years from the date of the entry of the judgment or of any renewal thereof."

Finally, A.R.S. § 12–501 provides as follows:

"When a person against whom there is a cause of action is without the state at the time the cause of action accrues or at any time during which the action might have been maintained, such action may be brought against the person after his return to the state. The time of such person's absence shall not be counted or

taken as a part of the time limited by the provisions of this chapter."

Hewlett contends the court had no jurisdiction to renew the judgments since A.R.S. §§ 1611 and 1612 provide the exclusive methods for renewing judgments, and the five-year period does not constitute a statute of limitations which may be tolled pursuant to A.R.S. § 12–501. We agree.

A.R.S. § 12–501, the tolling statute, is part of Chapter 5, all of which is devoted to the limitations period for every type of cause of action. The section specifically states that a person's absence from the state is not to be counted in computing time under "the provisions of *this* chapter" (emphasis supplied). A.R.S. § 12–1551, which prohibits execution on a judgment more than five years after its entry or renewal, is not a part of Chapter 5. It is instead part of Chapter 9 which is entitled "Special Actions and Proceedings to Enforce Claims or Judgments." Thus, by its own words, the tolling statute is not applicable to judgments. The purpose of tolling statutes is to prevent a defendant from defeating a claim by absenting himself from the state. *Selby v. Karman,* 110 Ariz. 522, 521 P.2d 609 (1974). Since the claims involved here have already been reduced to judgment, no purpose would be served in applying the tolling statute.

In addition, the five-year period during which a judgment may be executed upon is established in the chapter on execution of judgments. It is not an ordinary limitations period since it is not part of the chapter on limitation of actions.

There is also no public policy reason for applying the tolling statute to judgments. A judgment creditor in Arizona may extend the five-year period of § 12–1551 either by an action on the judgment under § 12–1611 or by renewing it by affidavit pursuant to § 12–1612. Where the judgment debtor resides has no effect on either method of renewing the life of the judgment. Executing upon the judgment also is not affected by the debtor's residence except insofar as his domicile without the state may make it a more lengthy and expensive procedure.

The tolling statute applies when the plaintiff needs to obtain personal service or its legal substitute upon a defendant; that service is not required for renewal of a judgment. *Crawford v. Boyd,* 62 Ga.App. 885, 10 S.E.2d 144 (1940). That is also why the tolling statute does not apply to a non-resident defendant who is amenable to process under the long-arm statute. *Selby v. Karman,* supra; *Engle Bros., Inc. v. Superior Court, In and For County of Pima,* 23 Ariz.App. 406, 533 P.2d 714 (1975).

Since Goodwin made no effort to renew either judgment until long after the five-year period of § 12–1551, both judgments became dormant and execution cannot issue upon them. Arizona courts have made clear that once a judgment becomes permanently dormant it cannot constitute the basis for execution or other collection proceedings. *Schuster v. Merrill,* 56 Ariz. 114, 106 P.2d 192 (1940); *Westberry v. Reynolds,* 134 Ariz. 29, 653 P.2d 379 (App. 1982); *Chudzinski v. Chudzinski,* 26 Ariz. App. 130, 546 P.2d 1139 (1976).

Having determined that the tolling statute did not apply to extend the life of the unrenewed judgments, we need not discuss Hewlett's additional contentions.

The orders are reversed with instructions to enter orders denying both motions to revive.

BIRDSALL, P.J., and LIVERMORE, J., concur.

*NOTE:* This cause was decided by the Judges of Division Two as authorized by A.R.S. § 12–120(E).