[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
No appearance for plaintiff.
Tierney, Zullo, Flaherty Murphy for defendant.
This is an action commenced subsequent to a foreclosure judgment against the defendant, Stuart Albrecht, who guaranteed payment of a mortgage note to the plaintiff, but was not a defendant in the original foreclosure action. The plaintiff now seeks to obtain a judgment against Albrecht for the $104,923.00 deficiency which was assessed in the prior action in which the defendant Albrecht was not a party.
Before the court are cross motions for summary judgment and a motion to strike, all of which hinge on whether under the particular facts and circumstances of this case, Section 49-1 of the General Statutes bars this suit against the defendant, Stuart Albrecht.
Section 49-1 of the General Statutes, entitled, "When Foreclosure order to further action on the debt." reads in pertinent part that:
 The foreclosure of a mortgage is a bar to any further action upon the mortgage, note or obligation against the person or persons who are liable for the payment thereof who are made parties to the foreclosure and also against any person or persons upon whom service of process to constitute an action in personam could have been made within this state at the commencement CT Page 11418 of the foreclosure, but the foreclosure is not a bar to any further action upon the mortgage debt note or obligation as to any person liable for the payment thereof upon whom service of process to constitute an action in personam could not have been made within this state at the commencement of the foreclosure.
The plaintiff had admitted in a request for admissions that the defendant Albrecht in the text of his guaranty personally "consented" to the jurisdiction of the courts of the state of Connecticut, and had "waived personal service" of any process and agreed to personal service or service "by certified mail."
The defendant therefore contends that service could have been made upon him at the commencement of the foreclosure action and because it was not, Section 49-1 interposed a bar to any collection efforts against him in this separately brought legal action. The defendant claims he was deprived of notice, the opportunity to be heard, offer evidence and contest the claim against him. He urges he was deprived of the opportunity to contest the amount of the debt and the plaintiff's evidence of the value of the security for the loan, all of which had a direct bearing on the existence or nonexistence of a deficiency, and that under all the circumstances, Section 49-1 is an absolute bar to bringing a subsequent lawsuit against a guarantor, like him, of mortgage debt which was foreclosed.
The plaintiff contends that the statute must be strictly construed and that because the defendant was a resident of New York, he could not be served "within the state" as Section 49-1
would require if the action were to be barred.
The plaintiff, in one of its briefs, goes so far as to say that Village Bank intentionally omitted Stuart Albrecht as a defendant in the original foreclosure action.
It is admitted that during relevant periods, the defendant was residing in New York. A separate but analogous statute tolling a statute where a defendant is "without the state" provides a useful starting point for the court's analysis. In cases where plaintiffs have sought to toll and thereby extend a relevant statute of limitations because the defendant had left the state, courts have held that the time a defendant was outside the state's boundaries could not be added to extend the time within which an action could be brought, if during that CT Page 11419 time the defendant remained amenable to service of process. See: Conn. Gen. Stat. § 52-590. Sage v. Hawley, 16 Conn. 106
(1844); Dorus v. Lyon, 92 Conn. 55 (1917); Clegg v. Bishop,105 Conn. 564, 572 (1927); Cortes v. Cotton, 31 Conn. App. 569, 573
(1933); Banana Distributors, Inc. v. United Fruit Co., 269 F.2d 790
(2d Cir. 1959); Monroe v. Wood, 150 Ariz. 419, 724 P.2d 38
(1985); State ex rel. McGhee v. District Court of the SixteenthJudicial District, 162 Mont. 31, 508 P.2d 130 (1973). "[T]he majority of the courts have refused to give application to the particular tolling provisions before them, when the party claiming the benefit of limitations has remained amenable to personal jurisdiction." See "Tolling of Statute of LimitationsDuring Absence From State As Affected By Fact That PartyClaiming Benefit of Limitations Remained Subject to ServiceDuring Absence or Nonresidence." 55 A.L.R.2d 1158.
Due process of law required by the United States Constitution and the constitution of the State of Connecticut requires that a person who is to be affected by the judgment of a court be given notice of the commencement of a proceeding affecting his rights and the right to be heard at a meaningful time. No matter should be decided unless the parties have fair notice so have sufficient time to prepare themselves on the issue.Osterlund v. State, 129 Conn. 591 (1943). The provisions of the United States Constitution, Amendment 14, guaranteeing equal protection and due process of law have substantially the same meaning as Sections 1 and 12 of Article First of our State Constitution. Proctor v. Sachner, 143 Conn. 9. Due process requires notice and opportunity to be heard at a meaningful time and in a meaningful manner, but, does not mandate any specific form of procedure, rather it protects substantive rights.Fermont Division, Dynamics Corp. of America, Inc. v. Smith, (1979).
In this case where a money judgment is being sought against the defendant arising out of a mortgage note which he guaranteed, that due process notice, where he was amenable to suit, was required in the original foreclosure action where the kind of foreclosure judgment and amount of the debt was determined and the value of the land which formed the security for the note was also set.
Where two interpretations of a statute are possible, that interpretation which is consistent with constitutional standards should be given. CT Page 11420
The defendant was amenable to service of process in the initial foreclosure proceeding by virtue of the guaranty he signed in which he agreed to consent to the jurisdiction of Connecticut courts and further agreed to service by mail. The plaintiff chose not to serve him. While a defendant is subject to personal service, he is not "without the state." Cortes v.Cotton, supra; even if he resides outside the State of Connecticut.
In this court's opinion, the provisions of Section 49-1 bar this action.
Summary judgment is granted in favor of the defendant and against the plaintiff on the plaintiff's complaint. The court finds there are no material issues of fact and the defendant is entitled to judgment as a matter of law.
The plaintiff has also moved to strike the defendant's motion to strike on the basis that the defendant has raised the statutory bar to the action of Section 49-1 of the General Statutes by special defense and a party is not entitled to a summary judgment on the special defense. A party is entitled to a judgment only upon a complaint or counterclaim or cross claim. Summary judgments are not available on a special defense because the judgment would still leave the pertinent complaint or counterclaim or cross claim intact. Summary judgment is available in this case because the defendant does not seek summary judgment on the special defense, but on the plaintiff's complaint which the court finds is barred. The motion to strike is denied.
FLYNN, J.