NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

VALERIU JOHN OLARIU, *Plaintiff/Appellant,*

*v.*

MICHAEL JAMES GIBBONS; AVIS RENT-A-CAR SYSTEM, LLC; and
AVIS BUDGET CAR RENTAL, LLC; ENTERPRISE RENT-A-CAR CO.
and ENTERPRISE LEASING COMPANY OF PHOENIX, LLC,
*Defendants/Appellees.*

No. 1 CA-CV 14-0559
FILED 6-30-2015

Appeal from the Superior Court in Maricopa County
No.  CV2013-052868
The Honorable Thomas L. LeClaire, Judge

**AFFIRMED**

COUNSEL

Ivan & Kilmark, PLC, Glendale
By Florin V. Ivan
*Counsel for Plaintiff/Appellant*

Thomas, Thomas & Markson, P.C., Phoenix
By Barry M. Markson, Michael G. Kelley
*Counsel for Defendant/Appellees Gibbons and Avis*

Gust Rosenfeld, P.L.C., Phoenix
By Craig A. McCarthy, Justin M. Scorza
*Counsel for Defendant/Appellee Enterprise*

---

## MEMORANDUM DECISION

Judge John C. Gemmill delivered the decision of the Court, in which Presiding Judge Maurice Portley and Judge Michael J. Brown joined.

---

**G E M M I L L**, Judge:

¶1        Valeriu Olariu appeals the trial court's grant of summary judgment in favor of Enterprise Leasing Company of Phoenix, LLC and Enterprise Rent-A-Car Company ("Enterprise"), Avis Budget Car Rentals, LLC and Avis Rent a Car System, LLC ("Avis"), and Michael James Gibbons (collectively "Appellees").  For the following reasons, we affirm.

## BACKGROUND

¶2        In November 2010, Olariu was involved in a three-car automobile accident.  His car was struck by Gibbon's car, which Gibbons had rented from Avis.  Gibbon's car was struck by a car driven by Susan Kinder, which Kinder had rented from Enterprise.  As a result of the accident, Kinder was cited for DUI and charges were filed against her in municipal court.

¶3        More than 30 months after the accident, Olariu filed a personal injury suit in Maricopa County Superior Court against both drivers and their respective rental car companies.  The complaint alleged that Olariu sustained continuing harm as a result of the accident.  Avis and Gibbons subsequently filed a motion for summary judgment, arguing both that the statute of limitations barred Olariu's claim as to all parties and that Avis could not be held vicariously liable for the negligence of a renter.  Avis and Gibbons also filed a motion for a protective order preventing Olariu from conducting depositions of the parties.  Enterprise later moved for summary judgment, also premised upon statute of limitations and vicarious negligence arguments.

¶4        After oral argument, the trial court granted judgment in favor of Appellees.  The court found that the action was time-barred against Enterprise, Avis and Gibbons because Olariu's complaint was filed more than two years after the accident.  The court also determined Olariu failed to adequately allege a viable legal claim of liability as to Avis and Enterprise.  Olariu timely appealed the trial court's ruling.  This court has

jurisdiction under Arizona Revised Statutes ("A.R.S.") sections 12-120.21(A)(1) and -2101(A).

## DISCUSSION

¶5        We review de novo a court's grant of summary judgment and will view the evidence and all reasonable inferences therefrom in the light most favorable to the party against whom judgment was entered. *Felipe v. Theme Tech Corp.*, 235 Ariz. 520, 528, ¶ 31 (App. 2014).

## I.        Statute of Limitations

¶6        Olariu argues that the court incorrectly found his action was time-barred under A.R.S. § 12-542. Under the statute, a claim for personal injury must be filed within two years from the time the claim accrues:

> Except as provided in § 12-551 there shall be commenced and prosecuted *within two years after the cause of action accrues*, and not afterward, the following actions:
>
> 1. For injuries done to the person of another . . . .

A.R.S. § 12-542(1) (emphasis added). On appeal, Olariu identifies four reasons that the court erred in holding that the two-year deadline for filing a personal injury claim precludes his complaint. We address each in turn.

### A.        Accrual Date

¶7        Olariu first argues that his cause of action against Avis and Gibbons did not accrue until after the municipal court proceedings against Kinder were over. At the scene of the accident, Gibbons denied fault for colliding with Olariu, stating that he was "nearly stopped" when he was hit by Kinder's vehicle, causing him to strike Olariu. As a part of the municipal proceedings against Kinder, Gibbons allegedly contradicted his statements. Olariu claims that because of Gibbon's denial of liability on the day of the accident, he was falsely misled into believing that he had no cause of action against Gibbons until the criminal proceedings against Kinder revealed otherwise. As a result, Olariu argues that a genuine dispute exists concerning the accrual date.

¶8        For the purposes of a statute of limitations, a cause of action accrues when a party "kn[ows], or through due diligence should have known" of a possible cause of action against another. *Rhoads v. Harvey*

*Publ'n, Inc.*, 145 Ariz. 142, 147 (App. 1984). It is not necessary for a party to "know all the facts for the statute of limitations to begin to run. All that is required is that they should have known such facts that would have prompted a reasonable person to investigate and discover the fraud." *Richards v. Powercraft Homes, Inc.*, 139 Ariz. 264, 266 (App. 1983). We conclude that sufficient information was present on the day of the accident to put Olariu on notice that he may have a claim against Gibbons. Gibbons' denial of fault at the scene did not toll the statute, because the accident alone was sufficient to give Olariu reason to investigate whether Gibbons was at fault. The trial court did not err in finding that the cause of action accrued on the date of the accident in November 2010.

### B. Tolling Under A.R.S. § 12-501

¶9 Next, Olariu claims that because Gibbons was not a resident of Arizona, A.R.S. § 12-501 applies to toll the statute of limitations as to his claims against Gibbons. Section 12-501 extends the statutory deadline for filing a cause of action when the defendant is located outside of Arizona:

> When a person against whom there is a cause of action is without the state at the time the cause of action accrues or at any time during which the action might have been maintained, such action may be brought against the person after his return to the state. The time of such person's absence shall not be counted or taken as a part of the time limited by the provisions of this chapter.

¶10 This court has expressly held that the statute does not apply to a defendant who is subject to Arizona's long-arm jurisdiction. *Goodwin v. Hewlett*, 147 Ariz. 356, 358 (App. 1985) ("[A.R.S. § 12-501] does not apply to a non-resident defendant who is amenable to process under the long-arm statute." (citing *Selby v. Karman*, 110 Ariz. 522, 524 (1974))). Because Gibbons was subject to Arizona's long-arm jurisdiction statute, Ariz. R. Civ. P. 4.2(a), he was at all times amenable to service, and A.R.S. § 12-501 is inapplicable. Furthermore, out-of-state defendants are amenable to service of process by certified mail. *See* Ariz. R. Civ. P. 4.2(c). Non-Arizona residents involved in an automobile accident in Arizona can also be served under Arizona's Nonresident Motorist Act. *See* Ariz. R. Civ. P. 4.2(e). As a result, A.R.S. § 12-501 does not apply here to extend the statute of limitations as to Gibbons.

C.      Waiver

**¶11**          Olariu also argues that Enterprise waived the statute of limitations defense because it did not include the defense in its motion to dismiss.  Instead, Enterprise asserted the defense for the first time in its motion for summary judgment.

**¶12**          The statute of limitations is a defense that must be affirmatively pled.  But the defense is waived only if not asserted prior to judgment.  *See O'Keefe v. Grenke*, 170 Ariz. 460, 466 (App. 1992) (citing *Transamerica Ins. Co. v. Trout*, 145 Ariz. 355, 358 (App. 1985)); *Romo v. Reyes*, 26 Ariz. App. 374, 376 (App. 1976).  Enterprise's motion clearly asserted the statute of limitations as a defense.  Accordingly, it was not waived.

D.      Applicability of § 12-542

**¶13**          Next, Olariu argues that his complaint was broadly worded to include "other theories of liability" not contemplated by A.R.S. § 12-542.  As such, he asserts that the trial court erred in dismissing the action in its entirety because the statute of limitations would not apply to those claims.

**¶14**          Even assuming these claims are not controlled by the two-year statute of limitations, the court correctly found that they were not sufficiently alleged in the complaint.  In the complaint, Olariu made several conclusory allegations against Enterprise and Avis, premised upon the theory of vicarious liability.  He did not, however, support these allegations with additional affidavits or factual assertions.  As a result, we agree with the trial court that, without more, Olariu's complaint was insufficient to allege a viable legal claim for vicarious liability against Enterprise or Avis.[1] *Cullen v. Auto-Owners Ins. Co.*, 218 Ariz. 417, 419, ¶ 7 (2008) (explaining that "mere conclusory statements are insufficient to state a claim upon which relief can be granted" under notice pleading requirements); *see also* Ariz. R. Civ. P. 8(a).

**¶15**          We conclude, therefore, that the trial court correctly applied A.R.S. § 12-542 to hold that Olariu's action was time-barred against

---

[1] We further note that Olariu did not attempt to amend his complaint to allege any other claims.

Appellees. To the extent that any claims therein are not included under A.R.S. § 12-542, the court correctly held that the complaint failed to allege a viable legal theory. There was no error.[2]

## II.   Due Process Claims and Denial of Discovery Requests

**¶16**        Next, Olariu argues that the trial court's grant of summary judgment violated his right to due process. In support of his argument, he asserts that the court abused its discretion by denying him the opportunity to conduct further discovery and that it applied an erroneous legal standard when ruling on the motion for summary judgment before discovery was complete. Disposition of a case on summary judgment grounds satisfies a party's due process rights so long as it is reached in accordance with the rules of civil procedure. *Hill v. McDermott, Inc.*, 827 F.2d 1040, 1044 (5th Cir. 1987) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986)).

### A.   Motion for Protective Order

**¶17**        After moving for summary judgment, Appellees Avis and Gibbons also moved for an emergency protective order, preventing Olariu from conducting depositions under Arizona Rule of Civil Procedure 30(b)(6). Olariu argues that the court improperly granted this motion, and in doing so, violated his due process rights. We review a court's decision on evidentiary matters, including denial of discovery requests, for an abuse of discretion. *Marquez v. Ortega*, 231 Ariz. 437, 441, ¶ 14 (App. 2013).

**¶18**        Although Avis and Gibbons wanted to cut off further discovery, Olariu did not file a Rule 56(f) motion and affidavit detailing what additional discovery was needed to respond to the motion for summary judgment. *See* Ariz. R. Civ. P. 56(f). As a result, the court's decision to proceed with a substantive ruling was not an abuse of discretion. Furthermore, in granting judgment in favor of Appellees, the trial court explained that the conclusory allegations in Olariu's complaint were insufficient to establish a theory of liability. As a result, the trial court disposed of these claims because Olariu failed to identify a viable legal claim against Enterprise or Avis. As it pertained to the statute of limitations, neither party disputed the date on which the accident occurred.

---

[2] For the same reasons Olariu's action is untimely against Appellees, it is also untimely against Kinder, ABC Entity 2, and ABC Entity 3. We therefore decline to address his argument that the court erroneously dismissed the other defendants.

The court found that the action was time-barred because it was filed more than two years after that date. On both issues, therefore, additional fact-finding would not have "pertain[ed] to the 'theory of liability used by the [trial] court'" in its ruling on the summary judgment motions. *See Home Sav. Bank, F.S.B. v. Gillam*, 952 F.2d 1152, 1157 (9th Cir. 1991) (quoting *Fed. Sav. & Loan Ins. Corp. v. Molinaro*, 889 F.2d 899, 903 (9th Cir. 1989)). Accordingly, denial of the opportunity for further discovery was not error. *See Heuisler v. Phoenix Newspapers, Inc.*, 168 Ariz. 278, 282 (App. 1991) (holding that denial of additional fact finding was not abuse of discretion when the purported additional facts would not support the proposed theory of liability).

### B. Legal Standard for Summary Judgment

**¶19** Next, Olariu argues that the trial court applied an incorrect legal standard when assessing the motion for summary judgment, thereby denying him due process. Olariu asserts that because discovery had not been completed, the court should have applied a more deferential standard. We disagree.

**¶20** The standard for summary judgment is well-settled: "[t]he court shall grant summary judgment if the moving party shows that there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law." Ariz. R. Civ. P. 56(a); *see also Orme School v. Reeves*, 166 Ariz. 301, 305 (1990) ("Clearly, summary judgment should be granted when the evidence presents no genuine issue of material fact.") When it ruled on the motions for summary judgment, the trial court found that no genuine issue of material fact existed. Accordingly, the court applied the correct standard.

**¶21** Olariu cites *Peterson v. Valley Nat. Bank of Phoenix*, 90 Ariz. 361 (1962), as applying a standard more favorable to a plaintiff. Olariu argues that *Peterson* asserts summary judgment is inappropriate when there is even the "slightest doubt as to the facts." *Id.* at 362. But in *Orme School v. Reeves*, our supreme court rejected the "slightest doubt" standard. 166 Ariz. at 309. The supreme court explained that even affidavits creating room for some doubt may be insufficient to withstand a motion for summary judgment. *Id.* The relevant question is not whether a slightest doubt exists, but rather whether "the facts produced in support of the claim or defense have so little probative value . . . that reasonable people could not agree with the conclusion" they purport to advance. *Id.* In other words, the 1962 standard

7

advocated by Olariu was cast aside by our supreme court in 1990 and is, therefore, inapplicable.[3]

**¶22** Olariu had notice of the motion for summary judgment, was able to respond to the motions, and argued his positions before the court ruled. Moreover, the court followed the current law in resolving the motions. We discern no error. Accordingly, the trial court's entry of summary judgment in favor of Appellees did not violate Olariu's due process rights.

## III. Costs and Request for Attorney Fees

**¶23** Finally, Olariu argues that the trial court erred when it awarded Appellees their taxable costs. We review an award of costs for an abuse of discretion. *See Graville v. Dodge*, 195 Ariz. 119, 130, ¶ 53 (App. 1999) (reviewing cost award for abuse of discretion).

**¶24** The trial court awarded Appellees a total of $676 in costs: $285 to Enterprise, and $391 to Avis and Gibbons. The awards included a total of $140 in recovery for Arizona TurboCourt filing fees. They also included, as to Avis and Gibbons, a penalty doubling all taxable costs incurred after the offer of judgment was served and rejected, pursuant to Arizona Rule of Civil Procedure 68.

**¶25** Olariu argues that the cost of AZ TurboCourt fees are not recoverable, because they are not contemplated by A.R.S. § 12-332(A). The statute allows for recovery of costs "incurred pursuant to an order." A.R.S. § 12-332(A)(6). Because electronic filing is mandatory under an Arizona Supreme Court Administrative Order, we interpret § 12-332(A) as including the costs of TurboCourt filings.

**¶26** Olariu also claims the court erred in imposing a Rule 68 penalty because Appellants did not attach the proposed offer of judgment to their verified statement of costs. There is no requirement that a Rule 68 offer of judgment be included with a statement of costs. Furthermore, Avis

---

[3]  Olariu further argues that a lower standard should have been applied because discovery was incomplete. But additional discovery was not necessary to support the trial court's ruling on the motion for summary judgment, because additional fact finding would have been irrelevant to the theory of liability proposed by the court. *See supra* ¶ 18.

and Gibbons included a copy of the offer in their reply in support of the proposed form of judgment.  Contrary to Olariu's argument, the offer of judgment conforms with Rule 68 and forms a sufficient basis for Rule 68 sanctions.  Accordingly, we affirm the trial court's award of costs.

## IV.    Attorney Fees and Costs on Appeal

**¶27**         Appellee Enterprise requests a sanction of attorney fees and costs under Arizona Rule of Civil Appellate Procedure ("ARCAP") 25.  In our discretion, we decline to impose a sanction under Rule 25.   All Appellees are, however, entitled to recover their taxable costs on appeal under A.R.S. § 12-341, upon compliance with ARCAP 21.

## CONCLUSION

**¶28**         We affirm the trial court's grant of summary judgment in favor of Appellees.



Ruth A. Willingham · Clerk of the Court
FILED: ama