NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

CHRISTINA IANNI, *Plaintiff/Appellant,*

*v.*

ANNGWYN ST. JUST, et al., *Defendants/Appellees.*

No. 1 CA-CV 18-0735
FILED 9-17-2019

Appeal from the Superior Court in Maricopa County
No. CV2016-017251
The Honorable David W. Garbarino, Judge *Pro Tempore*

**AFFIRMED**

COUNSEL

Christina Ianni, Denver, Colorado
*Plaintiff/Appellant*

Davis Miles McGuire Gardner, PLLC, Tempe
By Aubrey Laine Thomas
*Counsel for Defendants/Appellees*

---

## MEMORANDUM DECISION

Judge Lawrence F. Winthrop delivered the decision of the Court, in which Presiding Judge Jennifer B. Campbell and Judge Michael J. Brown joined.

---

**W I N T H R O P**, Judge:

¶1          Christina Ianni sought to domesticate a judgment obtained in Colorado against Anngwyn St. Just a/k/a Anngwyn Lamm ("St. Just" or "Lamm").  After concluding the applicable statute of limitation precluded the action, the superior court granted summary judgment in favor of Lamm.  Ianni appeals, raising several arguments.  For the following reasons, we affirm.

### FACTS AND PROCEDURAL HISTORY

¶2          In 2006, Ianni obtained a judgment in Colorado against St. Just, who had previously been served at her home in Jerome, Arizona. When Ianni sought to engage in collection activities, however, she purportedly encountered difficulty locating St. Just.  In July 2006, St. Just married Richard Lamm in Yavapai County.  Although the record is unclear whether St. Just (now Lamm) maintained her Arizona residency, she obtained a Florida driver's license in 2007.  On June 5, 2009, Lamm and her husband purchased a home in Sedona, Arizona, where they currently reside.  By her own admission, Ianni became aware no later than July 2011 that Lamm had purchased the Sedona home.  In August 2011, Lamm relinquished her Florida driver's license, obtained an Arizona driver's license, and according to Ianni, "reestablished her Arizona residency."[1]

¶3          In November 2016, Ianni filed a "Notice of Filing Foreign Judgment" in Maricopa County Superior Court, seeking to domesticate the Colorado judgment in Arizona.  Lamm moved for summary judgment, arguing Ianni had brought her action outside the four-year statute of limitation for domestication.  *See* Ariz. Rev. Stat. ("A.R.S.") § 12-544(3) (requiring that a party domesticate a foreign judgment within four years of

---

[1]          In her opening brief, Ianni states, "The Arizona driver's license history showed that [Lamm] had reinstated her residency in 8/2011, which established a documented date to restart the statute of limitations that had been on hold since 2006."

its entry). Ianni cross-moved for summary judgment, arguing that the tolling provision of A.R.S. § 12-501 should be applied to extend the limitation period, and after both parties had filed reply memoranda, the matter was submitted to the court.

¶4        In August 2018, the superior court granted Lamm's motion and denied Ianni's motion, explaining its ruling as follows:

> Ms. St. Just, now known as Ms. Lamm, argues that the four-year statute of limitations codified in A.R.S. § 12-544(3) bars enforcement of the Judgment here in Arizona because she has resided in Arizona since 2009. Section 12-544(3) imposes a four-year statute of limitations on the enforcement of a foreign judgment in Arizona. This four-year statute of limitations is not effective against someone who has relocated to Arizona until that person has resided in Arizona for one year. A.R.S. § 12-507.[2] For this reason, if Ms. Lamm resided in Arizona at least a year before Ms. Ianni filed the Judgment in this Court, then the matter is barred by § 12-544.

> Ms. Lamm's Filings are supported by declarations/affidavits and other would[-]be admissible evidence. The declarations/affidavits and other would[-]be admissible evidence demonstrate that Ms. Lamm resided in Arizona well before November 23, 2015 (one year prior to the filing of the Notice of Filing Foreign Judgment). The Ianni Filings attempt to rebut this conclusion, but the Ianni Filings are not properly authenticated by declarations/affidavits and include incomplete deposition transcripts and other unauthenticated documents. Accordingly, to the extent the standards of summary judgment procedure apply, the Court concludes Ms. Ianni has not properly demonstrated a genuine issue of material fact as to Ms. Lamm's 2009 relocation to Arizona.

> Even if the Court considered the Ianni filings, Ms. Ianni admits that she learned in 2011 that Ms. Lamm had purchased

---

2        *See* A.R.S. § 12-507 ("No demand against a person who removes to this state, incurred prior to his removal, shall be barred by the statute of limitation until he has resided in this state one year, unless barred at the time of his removal to this state by the laws of the state or country from which he migrated.").

a new home in Sedona in 2009 under her new married name with her new husband. Further, Ms. Lamm obtained an Arizona driver's license in 2011. In 2011, Ms. Ianni could have learned of Ms. Lamm's residence, and could have served Ms. Lamm in Arizona either personally, via alternative service, or publication as appropriate, regardless of Ms. Lamm's travels out of Arizona. Yet, Ms. Ianni filed this matter in November 2016, when she claims she "knew for sure that Defendant was living in Arizona as a permanent resident . . . ." The law does not support Ms. Ianni's "knew for sure" standard. Similarly, the law does not support Ms. Ianni's discovery argument or equitable tolling arguments. Simply put, Ms. Ianni filed the Judgment after the applicable statute of limitations has expired, even after applying A.R.S. § 12-507.

(Internal record citation omitted.)

**¶5** On October 23, 2018, the superior court entered a final order, granting summary judgment to Lamm and denying Ianni's cross-motion for summary judgment. We have jurisdiction over Ianni's timely appeal pursuant to A.R.S. § 12-2101(A)(1).

## ANALYSIS

**¶6** In deciding the competing motions for summary judgment, the superior court issued a ruling that clearly identified, fully addressed, and correctly resolved the parties' arguments. Under such circumstances, we may adopt that court's analysis. *See State v. Whipple*, 177 Ariz. 272, 274 (App. 1993). Nonetheless, we briefly address the three issues raised by Ianni, who argues the superior court erred in (1) failing to apply A.R.S. § 12-501, (2) finding she could have served Lamm by publication, and (3) rejecting her additional arguments for tolling the statute of limitation.

   *I.      Standard of Review*

**¶7** The superior court should grant summary judgment when "there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law." Ariz. R. Civ. P. ("Rule") 56(a). We review *de novo* the grant of summary judgment, viewing the facts and all reasonable inferences therefrom in the light most favorable to the party against whom judgment was entered. *Felipe v. Theme Tech Corp.*, 235 Ariz. 520, 528, ¶ 31 (App. 2014) (citation omitted). "Summary judgment should be granted 'if the facts produced in support of the claim or defense have so

little probative value, given the quantum of evidence required, that reasonable people could not agree with the conclusion advanced by the proponent of the claim or defense.'" *Aranki v. RKP Invs., Inc.*, 194 Ariz. 206, 208, ¶ 6 (App. 1999) (quoting *Orme Sch. v. Reeves*, 166 Ariz. 301, 309 (1990)).

II.     *Application of A.R.S. § 12-501*

¶8        Ianni argues that, after she obtained the Colorado judgment, Lamm was "without the state" of Arizona for a substantial time in the ensuing years, and the superior court should have applied A.R.S. § 12-501 to aggregate the absences by Lamm and toll the four-year statute of limitation for domestication under A.R.S. § 12-544(3).

¶9        Under A.R.S. § 12-501, if a person resides in Arizona when a cause of action begins to accrue but then is "without the state" for a period of time, the cause of action may be brought against the person upon her return, and her period of absence does not count as a part of the time limited by the statute of limitation:

> When a person against whom there is a cause of action is without the state at the time the cause of action accrues or at any time during which the action might have been maintained, such action may be brought against the person after his return to the state. The time of such person's absence shall not be counted or taken as a part of the time limited by the provisions of this chapter.

¶10       As the superior court correctly found, however, Ianni's argument is unsupported by admissible evidence.[3]  In fact, Ianni acknowledges in her briefs to this court that she made "errors in labeling and certifying and incomplete discovery" that rendered her exhibits "inadmissible for review."

---

[3]       In her "Separate Statement of Facts in Support of Cross-Motion for Summary Judgment," Ianni did not submit affidavits or verify under penalty of perjury the veracity of her exhibits, as required by Rule 56(c)(5) and (6), Ariz. R. Civ. P.  Additionally, she included numerous exhibits that Lamm asserted had not been previously disclosed before the filing of her cross-motion for summary judgment, even though they fell within the scope of Lamm's prior request for production of documents.  Based on these evidentiary issues, the superior court had the authority to disregard Ianni's proffered evidence.  *See* Ariz. R. Civ. P. 26.1(b), 37(c)(1), 56(e).

¶11 Moreover, Ianni misconstrues the term "without the state" as used in A.R.S. § 12-501. That term means "out of the state in the sense that service of process in any of the methods authorized by rule or statute cannot be made upon the defendant to secure personal jurisdiction by the trial court." *Selby v. Karman*, 110 Ariz. 522, 524 (1974). Thus, if the person against whom there is a cause of action was "amenable to service of process, [she] was not 'absent' within the meaning of A.R.S. § 12-501." *Engle Bros., Inc. v. Superior Court ex rel. Pima Cty.*, 23 Ariz. App. 406, 408 (1975) (citations omitted); *see also Goodwin v. Hewlett*, 147 Ariz. 356, 358 (App. 1985) (stating that A.R.S. § 12–501 "does not apply to a non-resident defendant who is amenable to process under the long-arm statute" (citations omitted)).

¶12 In this case, even if personal service under Rule 4.1(d) was not possible due to Lamm's work and travel schedule, Ianni still could have served Lamm in Arizona by alternative service or publication. *See* Ariz. R. Civ. P. 4.1(k), (*l*). Accordingly, Lamm's temporary physical absences from Arizona did not cause her to be "without the state" because she was amenable to service and subject to the personal jurisdiction of the superior court. *See Selby*, 110 Ariz. at 524. Because Ianni has provided no admissible evidence to the contrary, the superior court did not err in declining to apply tolling under A.R.S. § 12-501.

### III. Proper Service by Publication or Otherwise

¶13 Ianni also argues the superior court erred in finding she could have served Lamm by publication. To the extent Ianni contends the superior court held that service *must* be accomplished through publication, her argument misconstrues the court's holding, which indicated Lamm could have been served "either personally, via alternative service, or publication as appropriate." Further, given that Lamm had owned her home in Arizona since 2009 and concededly had established residency no later than 2011, Ianni could have properly served Lamm in 2011, and the superior court could have exercised personal jurisdiction over her. *See Bohreer v. Erie Ins. Exch.*, 216 Ariz. 208, 213, ¶ 19 (App. 2007) (explaining that personal jurisdiction is established by presence in the state, consent, or minimum contacts). And even if Lamm was a nonresident in 2011, the superior court still would have been able to exercise personal jurisdiction over her in connection with domesticating a foreign judgment because Lamm's Arizona property ownership and Arizona driver's license constitute substantial evidence of the "minimum contacts" necessary to establish personal jurisdiction in Arizona. *See Williams v. Lakeview Co.*, 199 Ariz. 1, 3, ¶ 6 (2000) (recognizing the correct test for personal jurisdiction would be whether "the defendant's contacts with the forum state are

substantial or continuous and systemic enough" such that it "does not offend traditional notions of fair play and substantial justice" to require her to appear before an Arizona court). Accordingly, the superior court did not err in concluding Ianni could have served Lamm in Arizona in 2011.

IV. *Ianni's Additional Tolling Arguments*

**¶14** Ianni also argues the superior court erred in rejecting her additional arguments for tolling the statute of limitation.

**¶15** As part of her argument, Ianni contends the superior court misconstrued her statement regarding when she "knew for sure that [Lamm] was living in Arizona as a permanent resident." This contention fails to advance her argument for tolling, however. Moreover, her argument on appeal—which includes her claim that not until November 2016 was she "finally able to determine conclusively that [Lamm] now lives in Sedona, AZ and could not possibly claim otherwise"—makes clear she is seeking a "knew for sure" standard, as the superior court concluded.

**¶16** Ianni also argues she received bad legal advice about when to domesticate her foreign judgment, claiming she "had been advised erroneously by attorneys that the Arizona statute of limitations had expired and there was no legal recourse." She further states that, had she and her attorneys better understood the statute of limitation tolling statutes, "[s]he would have certainly filed a foreign judgment in 2011."

**¶17** We reject Ianni's unsupported argument for equitable tolling based on attorney error. Ianni alleges no misconduct on the part of her attorneys and provides no evidentiary basis to support her assertion that the statute of limitation should be tolled based on the bad legal advice she allegedly received before 2016. Moreover, her allegations regarding her prior legal advice were not subject to the discovery process—which prejudices Lamm's ability to respond—because Ianni failed to disclose this information. *See generally Seitzinger v. Reading Hosp. & Med. Ctr.*, 165 F.3d 236, 237-38 (3d Cir. 1999) (holding that, generally, an attorney's delinquency is chargeable to the client, although equitable tolling may be applied after consideration of the extent of any attorney misconduct, the diligence of the client, and prejudice to the defendant).

**¶18** Finally, to the extent Ianni suggests the statute of limitation should be equitably tolled because Lamm allegedly engaged in the fraudulent concealment of her Arizona residency, we agree with Lamm that the admissible record contains no evidence clearly establishing fraudulent concealment on her part. Without admissible evidence to support her

position for equitable tolling, Ianni has provided no legal basis to claim the relief she seeks.

## CONCLUSION

¶19  The superior court's summary judgment is affirmed.



AMY M. WOOD • Clerk of the Court
FILED: AA